G. M. LINDSEY *vs.* MARIA H. PARKER & others.

Hampshire.    Sept. 22. — Oct. 23, 1886.    DEVENS & W. ALLEN, JJ.,
absent.

Judgment by agreement was entered against an attaching officer in an action brought against him for the conversion of the attached property. He then brought an action upon a bond of indemnity given to him by the plaintiff in the writ on which the attachment was made. It was not contended that the judgment by agreement was collusive or fraudulent, either as affecting the parties to it, or others collaterally affected by it; and it was not contended that the officer could have successfully defended the action in which the judgment was entered. *Held*, that this was, in effect, an admission that there was no defence to that action; and that such an admission rendered immaterial the question whether there was sufficient evidence to show that a person who claimed to be acting as the attorney of the principal on the bond, who directed the officer to make the attachment, and who also instructed him to pay the execution issued on the judgment, had any authority to act for such principal.

The condition of a bond given to an attaching officer, to indemnify and save him harmless "of and from all suits, damages, and costs whatsoever, whereunto he may be liable, or obliged by law to pay to any person or persons, by reason of the said attachment," includes counsel fees reasonably incurred in the defence of an action occasioned by the attachment.

CONTRACT, against Maria H. Parker, William Tinker, Norman Strickland, and E. L. Day, upon a bond executed by the

first-named defendant as principal, and by the other defendants as sureties ; and conditioned to indemnify and save harmless the plaintiff, who, as a deputy sheriff, had attached certain personal property on a writ in favor of the defendant Parker against one Willis, " of and from all suits, damages, and costs whatsoever, whereunto he . . . . may be liable, or obliged by law to pay to any person or persons, by reason of the said attachment."

Trial in the Superior Court, without a jury, before *Staples*, J., who reported the case for the determination of this court, in substance as follows :

It was agreed that the plaintiff was sued in an action of tort by one Cannon, in the Superior Court for said county, for the alleged conversion of the property attached on the writ of Parker against Willis, referred to in the bond declared on ; that judgment against the present plaintiff was recovered in said suit, by agreement, on June 25, 1884, for $75, damages, and $42.42, costs of suit; that execution issued on said judgment on August 14, 1884 ; that on said execution the plaintiff paid the sum of $115.67 ; and that the plaintiff, in defending said suit, incurred and paid, as a reasonable expense for counsel fees therein, the sum of *$56.* It was not contended that said judgment by agreement was collusive or fraudulent, either as affecting the parties to it or others collaterally affected by it, and it was not contended that Lindsey could have successfully defended said suit.

The plaintiff testified as follows: " I received this bond by mail from Norman Strickland. Mr. Kress made the bond out, and no names were then inserted in it. Norman Strickland gave me the writ in Parker against Willis, on which I made the attachment. I had a talk with Maria H. Parker in June or July, 1884. She said Strickland told her he should see that the matter was fixed up so that I should not suffer. She said he had been collecting bills for her, this bill among the rest, and she expected to pay the amount."

The plaintiff here put in evidence the following writing, signed, "Norman Strickland, attorney for Maria H. Parker ": " G. Kress, Esq. : I hereby authorize you to settle case Cannon *v.* Lindsey, pending in Superior Court, Hampshire, as well as he can in the interest of the defendant."

The plaintiff further testified: "This writing was mailed to me by Strickland. Mr. Kress was my attorney in the suit of Cannon against Lindsey. I received it prior to the entry of judgment therein. I never saw Strickland till the day he gave me the writ on which I attached. I never spoke with any of the other defendants as to a settlement of the suit against me."

The plaintiff further testified, against the objection of the defendants: "I had a conversation with Strickland before I paid. He told me to pay the execution. I did so under his direction."

The plaintiff put in evidence the written direction to attach on the writ of Parker against Willis, signed by Norman Strickland as the plaintiff's attorney. This evidence was admitted, against the objection of the defendants, only as tending to show that Strickland acted as attorney for Mrs. Parker in bringing that suit. It was admitted that Strickland was not a member of the bar; and no special authority from Mrs. Parker to him to conduct the suit was shown.

The defendants asked the judge to rule that, on all the evidence, the plaintiff could not recover against the defendants or any of them; and that the evidence did not show any relation of Strickland to this case. The judge refused so to rule; found and ordered judgment for the plaintiff against all the defendants in the penal sum of the bond; awarded execution, for a breach of said bond, in the sum of $188.66, being the sum paid on said execution, together with said sum of $56, paid as counsel fees in defending the suit of Cannon against Lindsey, and interest on the combined sums from the date of the writ.

If the evidence objected to by the defendants was material, and should have been excluded, or if either of the rulings asked for should have been given, the finding and judgment were to be set aside, and a new trial granted; otherwise, to stand. If the sum awarded on the execution was right, the same was to stand; if wrong, the sum so awarded was to be altered, modified, or set aside, as the court should think proper.

*J. C. Hammond*, for the defendants.

*G. Kress*, for the plaintiff.

FIELD, J. The only exceptions argued are, first, that it does not appear by any competent evidence that Norman Strickland was authorized by Mrs. Parker to agree to a settlement of the

suit of Cannon against Lindsey; and, secondly, that the sum paid by Lindsey as counsel fees in said suit cannot be included in the amount for which execution is to issue.

It appears by the report, that it was not contended that the judgment entered in the suit by agreement "was collusive or fraudulent, either as affecting the parties to it or others collaterally affected by it, and it was not contended that Lindsey could have successfully defended said suit." This, we think, is, in effect, an admission that there was no defence to the suit; and such an admission rendered the evidence objected to immaterial. There is no suggestion in the report that the settlement was not reasonable and proper.

The bond is in the common form, to indemnify and save harmless the plaintiff " of and from all suits, damages, and costs whatsoever, whereunto he . . . . may be liable, or obliged by law to pay to any person or persons, by reason of the said attachment." The objection to including counsel fees in the sum for which execution is to issue is put solely upon the ground that they are not included in the damages and costs from which the defendants are to save the plaintiff harmless. The principles on which reasonable counsel fees are excluded from or included in the damages to be recovered, when there is no express contract of indemnity, were considered in *Westfield* v. *Mayo*, 122 Mass. 100; and the effect of an agreement of indemnity, general in its terms, was considered in *Howard* v. *Lovegrove*, L. R. 6 Ex. 43. See also *Smith* v. *Compton*, 3 B. & Ad. 189. It has been said that " the law measures the expenses incurred in the management of a suit by the taxable costs." *Reggio* v. *Braggiotti*, 7 Cush. 166, 170. See also *Henry* v. *Davis*, 123 Mass. 345, 346. But that these expenses exceed the taxable costs is now notoriously true. It was Lindsey's duty to ascertain and determine whether there was a defence to the suit, and to defend it if there was a defence, and to employ counsel for that purpose, unless Mrs. Parker took upon herself the defence of the suit; and, as the words of the bond are all " costs whatsoever" to which the plaintiff "may be liable," as well as the costs which he may be " obliged by law to pay to any person or persons," we think that they may be construed to include counsel fees reasonably incurred in the defence of a suit occasioned by the attachment.

The judgment is affirmed, and execution is to issue for the sum awarded by the Superior Court, with interest from the date of the award. See *New Haven & Northampton Co.* v. *Hayden*, 117 Mass. 433.                                        *So ordered.*