EDWARD J. RUSSELL *vs.* JOEL WALKER.

Worcester.   October 1, 1888. — January 4, 1890.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES,
& KNOWLTON, JJ.

*Attaching Officer — Indemnity — Levy of Execution — Conversion —
Liability of Judgment Creditor — Counsel Fees*

An officer, without specific direction and without asking indemnity, attached farm
property, and, acting upon his official responsibility solely, proceeded to sell it on
execution.   Upon the claim being made that a part of certain hay was exempt,
he declared his purpose to sell it in the presence and hearing of the judgment
creditor, who, without expressing any assent or objection, bid thereon, bought
some of it, and was credited with the avails.   Actions were then brought against
the officer for the conversion of part of the property sold, in which he prevailed,
except in one brought against him for the value of the hay claimed to be
exempt.   Thereupon he brought an action against the creditor for the damages,
costs, and expenses, including counsel fees, for which he had become liable.
*Held,* that he was not entitled to recover.

CONTRACT by a deputy sheriff to recover certain damages,
costs, and expenses, for which he had become liable in three
actions brought against him for the alleged conversion of goods
in levying an execution in favor of the defendant.   Trial in the
Superior Court, before *Dewey*, J., who reported the case for
the determination of this court, in substance as follows.

On August 17, 1882, the defendant brought an action against
Maria D. Mann and Birney Mann, her son, both of whom resided
together on a farm, and the writ was placed in the hands of the
plaintiff, who was directed to make an attachment under it of all
the personal property that was attachable on the farm.   The
plaintiff proceeded to attach, among other things, certain live
stock and the whole of a mow of hay, except two tons, which
however were not separated from the rest of the mow, and left
the property on the farm in charge of a keeper.   The defend-
ant recovered judgment against the Manns, and an execution,
duly issued thereon on December 10, 1883, was placed in the
hands of the plaintiff, who proceeded to levy it by a sale of the
property attached.   The defendant was present at the sale;
but as to the mode to be pursued in levying the execution the

plaintiff acted upon his official responsibility, and without any directions from the defendant. When the plaintiff was about to sell the hay, he was notified that Mrs. Mann claimed two tons thereof as exempt from the levy and sale. The plaintiff, for the reason that more than that amount had been consumed in keeping the stock attached up to that time, was of opinion that he was not required by law to exempt any of the hay, and thereupon declared his purpose, in the presence and hearing of the defendant, and without any expressed assent or objection by him, to sell all the hay in the mow. The plaintiff, acting in good faith, without any purpose of injuring the Manns or either of them, and in the discharge of what he believed to be his legal duty, proceeded to sell the hay; and the defendant bid thereon, and finally bought it, and had the avails thereof in part satisfaction of his execution. The entire proceeds of the sale were duly paid over by the plaintiff to the defendant. Subsequently three actions were brought against the plaintiff for the conversion of part of the property attached and sold by him as above, one of them, brought by Mrs. Mann, being for the conversion of the two tons of hay. The plaintiff successively notified the defendant of these actions, and had one or more interviews with him on the subject; but the defendant declined to appear in them, or to take upon himself the defence thereof, and disclaimed any responsibility to the plaintiff in relation thereto. Thereupon the plaintiff, acting upon the advice of counsel, entered upon the defence of the three actions, and incurred the expenses in question, including counsel fees. Mrs. Mann recovered judgment against him for the value of the hay and for her costs, the entire amount being paid by the plaintiff to her before the date of the writ. In the other two actions the plaintiff recovered judgment, and execution issued to him for his costs, no part of which had he been able to collect.

Upon the above facts, the judge ruled that the plaintiff was not entitled to recover, and found for the defendant. If the finding was correct, judgment was to be entered thereon; otherwise, judgment was to be entered for the plaintiff, or a new trial ordered.

The case was submitted on briefs in October, 1888, and afterwards, in September, 1889, on the same briefs, to all the judges.

*B. W. Potter & M. M. Taylor, ( C. W. Wood* with them,) for the plaintiff.

*J. R. Thayer & A. P. Rugg, ( G. H. Mellen* with them,) for the defendant.

DEVENS, J.   The plaintiff, who was a deputy sheriff, seeks to hold the defendant responsible for the damages, costs, and legal expenses incurred in three actions brought against him in consequence of the service of an execution in favor of the defendant against Maria D. Mann and Birney Mann.   The property sold by the plaintiff had been attached by him on mesne process, but no demand therefor had been made, nor does there appear to have been any complaint of the plaintiff's proceedings, except such as arose from his levy of the execution.   In an action brought against the plaintiff by Maria D. Mann, it has been decided that he wrongfully sold two tons of hay belonging to her which were by law exempt from execution.   Judgment for the value of this hay has been rendered against him, with costs, which he has satisfied.   For this expenditure he now seeks to hold the defendant liable.

It was held in *Bond* v. *Ward*, 7 Mass. 123, that, when there is any reasonable ground to induce an officer to believe that in making an attachment or seizure on execution he may mistake and expose himself to an action for damages by attaching or seizing goods wrongfully, he is entitled to insist on the creditor's showing him the goods, and also on being indemnified for any mistake in conforming to the creditor's direction.   This decision was adopted and established as the statute law by the Legislature in the Rev. Sts. c. 97, § 18, and is now to be found in the Pub. Sts. c. 171, § 35, in these words: " If there is reasonable doubt as to the ownership of the goods, or as to their liability to be taken on the execution, the officer may require sufficient security to indemnify him for taking them."   While such security is usually given by a bond of indemnity, a promise to indemnify the officer may be inferred where direction is given him by the creditor to attach specific goods, or where in any other way he controls the officer in the execution of his process. In this the officer is the agent of the law, and not of the party suing out the process, unless such party relieves him from responsibility by the direction he gives in regard to it.

The report shows that the defendant "was present at the sale; but as to the mode to be pursued in levying the execution, the plaintiff acted upon his official responsibility, and without any directions from the defendant." When he was about to sell the hay, Mrs. Mann claimed two tons thereof as exempt. The plaintiff was of opinion that he was not obliged, under the circumstances, to treat the two tons as exempt, and proceeded to levy his execution upon them, in the discharge of what he deemed to be his legal duty. This opinion, by the judgment on which he bases his claim, has been determined to be erroneous. While the officer declared his purpose to sell all the hay, including the two tons, in the presence and hearing of the defendant, the latter expressed neither, assent nor objection thereto. The question was one peculiarly for the officer; it related, not to the ownership of the property, but to its liability to be taken on execution. The defendant did not concur in the error committed by the officer, but left him to deal in his own way with the matter. In any case of doubt or difficulty, it is intended that the responsibility shall rest upon the creditor; but where no such difficulty is suggested, it is to be presumed that the officer is ready to perform his duty for the compensation he receives, and take the necessary risks thereof. *Michels* v. *Stork*, 44 Mich. 2. Nor do we think that the fact that the defendant bid at the sale of the hay, bought some of it, and also received the avails of the sale in part satisfaction of the execution, decisive against him. The levy having been made by the officer, in the exercise of his own judgment, the creditor might bid at the sale, or take the money derived from it, without indorsing the correctness of the officer's action, or making himself responsible therefor to him. As between himself and the officer, he is not liable to the latter for the damages which have been recovered against him solely by reason of his own error. *Hyde* v. *Cooper*, 26 Vt. 552. *Evarts* v. *Hyde*, 51 Vt. 183. The Superior Court was therefore, in the opinion of a majority of the court, warranted in finding for the defendant.

We are also of opinion that the plaintiff cannot recover for the costs and expenses of the actions unsuccessfully brought against him. Theoretically, the costs are a sufficient compensation to a prevailing party. Practically this is not so, as many

actual and reasonable expenditures, especially those for counsel, are not included in the bill of costs. But in demanding the indemnity to which the officer is entitled where there is any reasonable doubt as to the ownership of goods, or their liability to be taken on execution, that indemnity may include damages, costs, and other legal expenses, including counsel fees. *Cook* v. *Merrifield*, 139 Mass. 139. *Lindsey* v. *Parker*, 142 Mass. 582. This indemnity may properly be demanded where there is reason to apprehend controversy or expensive litigation. If the officer neither demands this nor asks specific directions, but assumes the responsibility of executing his process in his own way, he cannot require it when subsequently to his action controversy arises, even if he is successful in the controversy. *Chamberlain* v. *Beller*, 18 N. Y. 115. *Sibley* v. *Brown*, 15 Maine, 185, 186. *Richards* v. *Gilmore*, 11 N. H. 493.                    *Judgment on finding.*