Rockingham,
No. 5569.

ARTHUR E. KEEGAN & a.

v.

ARVID H. GUSTAVSON & a.

Argued January 6, 1967.
Decided February 24, 1967.

*Robert A. Shaines* and *Paul M. McEachern* ( *Mr. McEachern* orally ), for the plaintiffs.

*Arvid H. Gustavson* ( by brief and orally ), pro se.

WHEELER, J. Motion for summary judgment under RSA 491:8-a ( supp ) to recover $135 deposited with the defendant under the terms of a certain written lease entered into between the parties on December 15, 1962. The provision of this lease which is the basis of this action provided: "( a ) That the Lessees have paid and the Lessors do hereby acknowledge the receipt of the payment of One Hundred Thirty-five Dollars ( $135.00 ) to be retained by the Lessors during the term of this Lease. At the termination of this Lease, the Lessors are authorized to apply a portion or all of said deposit towards the renovation of the premises, where such renovation is necessitated by undue damage commited by the Lessees. "

The plaintiffs filed a motion for summary judgment accompanied by an affidavit supporting this claim to which the defendant filed a motion "for the immediate entry of counter judgment" with a request for a hearing. After hearing the Court entered judgment for the plaintiffs in the sum of $135. Following the verdict the defendant moved to set aside the verdict which was denied. All questions of law raised by the defendant's exception to

the denial of this motion were reserved and transferred by *Morris*, J.

At the hearing on defendant's motion for "Counter Summary Judgment" the defendant Arvid appeared for himself and stated in substance that a certain kitchen counter which he had permitted the plaintiffs to remove during his occupancy was found in the cellar and that it had been taken down in such a manner that it could not be salvaged which resulted in a loss to him of $60. That he received a "huge" water bill for $29 which was caused in part by the plaintiffs installing a swimming pool which " . . . not only tripled my water bill, but it killed my lawn, the grass, underneath it," causing a loss of $140.

The defendant further stated at this hearing that he received notice that the plaintiffs were terminating the lease on December 14, 1963 but left a number of household articles in and about the premises until around December 27, 1963, as a result of which he claims a balance of rent due of $45.

RSA 591:8-a (supp) provides in part: "The facts stated in accompanying affidavits shall be taken to be admitted for the purpose of the motion unless within fifteen days contradictory affidavits based on personal knowledge are filed or the opposing party shall file an affidavit showing specifically and clearly reasonable grounds for believing that contradictory evidence can be presented at a trial but cannot be furnished by affidavits. If such affidavits are not filed by the opposing party within said fifteen days, judgment shall be entered on the next judgment day in accordance with the facts."

The defendant failed to file within the required fifteen days a contradictory affidavit setting forth his defense to the facts which the plaintiffs presented in their affidavit. However it appears that the Trial Court in the hearing granted to the defendant permitted him to present the facts on which he based his defense to the claim of the plaintiffs. After such hearing the Trial Court entered a judgment for the plaintiffs in the sum of $135.

The record before us supports the judgment for the plaintiffs and the Trial Court properly denied defendant's motion to have it set aside.

*Exceptions overruled.*

All concurred.