Merrimack,
No. 5575.

SHERRY DEVOID d/b/a STAR GRANITE COMPANY

*v.*

GEORGE P. ANDERSON *& a.*

Argued January 6, 1967.
Decided March 29, 1967.

*Robert D. Branch* ( by brief and orally ), for the plaintiff.

*Danais & Danais* and *Thomas B. Wingate* ( by brief ), for the defendant Ovila J. Pichette.

PER CURIAM. Appeal from an order of the Superior Court " denying plaintiff's motion to disallow attorney's fees in the sum of $350 as a proper charge to be deducted by a Sheriff from proceeds obtained from the sale of a defendant's property on execution. "

The plaintiff's exception to this order was reserved and transferred by *Dunfey,* J.

According to the defendants' brief, Ovila J. Pichette a deputy sheriff of Hillsborough county pursuant to a writ in civil action no. 8745 made a bulky article attachment of certain property of the defendants consisting of " one International Scout and one Tow Crane. " Thereafter the plaintiff obtained judgment, and a writ of execution issued directing the sheriff to levy upon this property.

Sometime after the attachment was made but prior to judgment,

the defendants sold the attached property to third parties who claimed title thereto. Pichette fearing he was exposing himself to liability in this situation demanded an indemnity bond from plaintiff's counsel before proceeding to levy on the execution. Counsel refused to furnish such a bond and Pichette declined to proceed with the levy.

Thereafter the plaintiff brought a bill in equity "against all interested parties" including Pichette, seeking a decree that the purchasers had no legal interest in the attached goods. As a result of this action Pichette obtained the services of counsel to protect his interests. After hearing the Court decreed that the deputy sheriff had the right to seize the attached property to satisfy the execution. Thereafter Pichette proceeded with the levy of the execution and sold the attached property. In his return after deducting his statutory fees he included "Legal Services $350." Plaintiff contends that this deduction was illegal and improper and that the deputy sheriff should be required to pay this sum to the plaintiff herein.

The reserved case states: "All of the parties to Action No. 8745 and Equity 15,167 were duly notified as to the date of hearing of plaintiff's motion to so eliminate said charge of three hundred fifty dollars from said 'costs'. The motion was heard on October 19, 1965, with counsel for the plaintiff and Deputy Sheriff Pichette present. Defendants in both cases failed to appear and were defaulted as to all matters which might have been raised in their behalf, the same having been deemed to be waived." In denying the plaintiff's motion the Court found "that the charge of three hundred fifty dollars was a necessary and reasonable cost incurred by the Deputy Sheriff in discharging his duties in Action No. 8745, occasioned by the action of the petitioner in Eq. 15,167 (plaintiff in No. 8745) against the Deputy Sheriff and that, as such, it was a proper charge."

As plaintiff's counsel points out, the fees which a sheriff may charge on a levy of execution are defined by statute. RSA 104:31. Although "the decisions of this court have enlarged and expanded the specific services for which costs may be taxed . . . in no instance has the list been expanded beyond items dealing specifically with and relating specifically to the property involved in the execution." *Kivel* v. *Murray Cone Shoe Co.*, 73 N. H. 523.

Pichette was not bound to levy without written indemnity. *Pierce*

v. *Jackson*, 65 N. H. 121. See *Smith* v. *Osgood*, 46 N. H. 178. Had indemnity been furnished him in accordance with his request, and had suit thereafter been brought against him by the claimants of the attached goods, he doubtless would have been entitled to recover his attorney's fees as part of his indemnity. *Lindsey* v. *Parker*, 142 Mass. 582. See 2 Anderson on Sheriffs, *s*. 661, *p*. 633. But since the requested indemnity was not furnished, his right to such relief did not arise. *Russell* v. *Walker*, 150 Mass. 531.

"The law is well settled in New Hampshire that there can be no recovery of counsel fees from the adverse party to a cause in the absence of statutory authorization, agreement between the parties, or some established exception." *Utica Mutual Ins. Co.* v. *Plante*, 106 N. H. 525, 526. See *Guay* v. *Association*, 87 N. H. 216; *Peterson* v. *Reilly*, 105 N. H. 340, 353. The defendant sheriff has suggested no authority which would support an exception in his favor in this case, and he sought no costs when the equity action to which he was a party was dismissed as to him. In the circumstances it was error to sustain the charge for attorney's fees in the equity action as a part of the costs of execution in the prior action in which he was not a party, but merely performing his function as sheriff.

*Exception sustained.*