Merrimack,
No. 5557.

CHEMICAL INSECTICIDE CORPORATION

*v.*

STATE.

Argued December 7, 1966.
Decided April 28, 1967.

*Paul A. Rinden* and *Charles F. Dalton, Jr.* ( *Mr. Dalton* orally ), for the plaintiff.

*George S. Pappagianis*, Attorney General and *R. Peter Shapiro*, Assistant Attorney General ( *Mr. Shapiro* orally ), for the defendant.

PER CURIAM. I. RSA 491:8-a ( supp ) provides in part that a motion " for immediate entry of judgment " shall be accompanied " by affidavits based upon personal knowledge of admissible facts . . . . " The statute continues: " The facts stated in accompa - nying affidavits shall be taken to be admitted for the purpose of the motion unless within fifteen days contradictory affidavits based on personal knowledge are filed or the opposing party shall file an affidavit showing specifically and clearly reasonable grounds for believing that contradictory evidence can be presented at a trial but cannot be furnished by affidavits. If such affidavits are not filed by the opposing party within said fifteen days, judgment shall be entered on the next judgment day in accordance with

the facts. Copies of all motions and affidavits shall upon filing be furnished opposing counsel. If affidavits are filed but it shall appear upon hearing that no genuine issue of material fact exists, judgment may be entered accordingly. "

The plaintiff contends that since the defendant failed to file its counter-affidavit within fifteen days, the plaintiff became entitled as a matter of law to have judgment entered in its favor on the next judgment day, by force of the statutory provisions quoted above. In support of this contention, it points to a 1965 amendment of the statute which deleted the words " or such further order made as justice may require " which formerly followed the words " judgment shall be entered on the next judgment day in accordance with the facts. " See Laws 1965, 139:1; *Community Oil Co.* v. *Welch*, 105 N. H. 320.

The defendant contends that the amendment did not deprive the Trial Court of discretion, that the fifteen-day limitation of the statute is inapplicable to the State as a party and that if literally enforced, the statute would be unconstitutional.

A threshold inquiry which is stressed by the defendant but not referred to by the plaintiff in its brief, is whether the summary judgment statute ( RSA 491:8-a ( supp )) applies in actions against the State. The defendant cites no cases squarely in point supporting its position, but relies upon the general principle that the doctrine of sovereign immunity protects the State. *Moore* v. *Dailey*, 97 N. H. 278; *Public Service Co.* v. *State*, 102 N. H. 54; *Holte* v. *Rondeau*, 105 N. H. 304.

Concededly, the State cannot be sued without its consent, as the above cases demonstrate. However, in this case the Legislature in unmistakable language has given the plaintiff the right to recover a judgment against the State in any action " founded upon an express or implied contract with the state . . . . " RSA 491:8. *Mittersill Ski Lift Corp.* v. *State*, 105 N. H. 219.

As a litigant, the State like other parties may be called upon to respond to demurrers and motions for nonsuits or directed verdicts which may determine its rights. In cases where the Legislature has permitted sovereign immunity to be waived, we see no reason, nor is any suggested, why the State should not be subject to other rules of pleading and procedure, including those relating to summary judgment.

We cannot agree with the State's contention that RSA 491:8-a ( supp ) creates a " substantive statutory form of action. " It

merely obviates waste and accelerates an action already begun. Nor do we believe that this section can be equated to a statute of limitations. The State cites no cases holding summary judgment procedures to be such, nor do such cases as *Manchester* v. *Guild*, 100 N. H. 507, relied upon by it, furnish authority for this position. We conclude that the State is subject to the requirements of RSA 491:8-a (supp) in any case in which it has consented to suit. See *In re Dockham Estate*, 108 N. H. 80.

II. The plaintiff maintains that since the summary judgment statute is couched in mandatory terms, and the amendment of 1965 deleted the words " or such further order made as justice may require, " the Legislature thereby demonstrated an intention that judgment should be summarily entered for the moving party when no counter-affidavit is filed within the fifteen-day period. While the argument is not without force, we think it equally likely that the deletion was made because of doubt that the deleted provision had any rightful place in the act in the first place. Obviously if no counter-affidavits are filed to indicate that a genuine issue of fact exists, summary judgment should be entered, and no occasion would arise for entry of some alternative order. The occasion for entry of some order other than for summary judgment would be the one occasion which the statute does not expressly regulate, namely, where the affidavits filed do establish a genuine issue of fact to be heard.

In the case before us, had the defendant taken no action after the plaintiff's motion for summary judgment, it is evident that under the statute the plaintiff would have been entitled to judgment " on the next judgment day. " RSA 491:8-a (supp). In fact however, the State filed its counter-affidavit before the entry of judgment, and well in advance of the next judgment day, and was properly accorded a hearing upon its motion.

The purpose of the summary judgment statute is to determine whether any genuine issue of material fact requires a formal trial of the merits. *Community Oil Co.* v. *Welch*, 105 N. H. 320, *supra*. If there is such an issue, it is not the purpose of the act to foreclose a trial upon technical grounds merely. Under the Federal rules, it has been aptly stated: " All reasonable doubts touching the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. " 6 Moore's Federal Practice, *s*. 56.23, *p*. 2856. See *United States* v. *Diebold, Inc.,* 369 U. S. 654, 655.

The legislative history of the 1965 amendment sheds little light upon the intention of the Legislators who adopted it. The inferences urged by the plaintiff are not persuasive, and the interpretation suggested is inconsistent with the underlying purpose of the statute as a whole.

The command of the statute is for judgment "in accordance with the facts" if no counter-affidavit is filed; or if the affidavits filed disclose that no issue exists, that there shall be "judgment . . . accordingly." The plain inference is that where the affidavits do disclose a genuine issue, no summary judgment is to be entered. Such cases are to be set down for trial.

Although the defendant's failure to file its counter-affidavit within fifteen days was an admission of the fact that the account was unpaid and owing, "after the allowance of all just credits, deductions and set-offs" as stated by the plaintiff's affidavit (RSA 491:8-a (supp) *supra*), the Court was not without discretion to determine whether the defendant should be relieved from this admission. See *Perley* v. *Bailey*, 89 N. H. 359, 361; *Durivage* v. *Vincent*, 102 N. H. 481, 486.

The policy of the law that "litigated cases should generally be decided upon their merits" (*Lavoie* v. *Bourque*, 103 N. H. 372, 374; *Lamarre* v. *Lamarre*, 84 N. H. 441, 446), is to be weighed against the obvious purpose of the summary judgment statute, to expedite disposition without trial of cases where the facts are not disputed. The time limit upon the filing of counter-affidavits is not so ironclad as to exclude consideration of the general equitable principles governing the exercise of discretion. However the Court's discretion to determine what justice requires in a particular case must be exercised with serious regard for the salutary objectives of the statute. *Community Oil Co.* v. *Welch*, 105 N. H. 320, 323. The statute does not preclude consideration of the defendant's motion as a matter of law.

*Remanded.*

KENISON, C. J., concurred in part; the others concurred.

KENISON, C. J., *concurring in part*: I concur in part I of the opinion but doubt that part II reflects the intent of the Legislature in enacting the 1965 amendment to the summary judgment statute.