Hillsborough,
No. 5981.

AMOSKEAG SAVINGS BANK

*v.*

JOHN T. PATTERSON & *a.*

June 2, 1970.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *William S. Orcutt* and *John R. Falby, Jr.* ( *Mr. Orcutt* orally ), for the plaintiff.

*George J. Basbanes* ( by brief and orally ), for defendants John T. and Brenda Patterson.

LAMPRON, J. Motion by plaintiff for summary judgment under RSA 491:8-a in an action against defendants to recover the balance due on a promissory note payable to the order of National Food Company and transferred by endorsement to the plaintiff. The writ with a specification annexed was entered on June 7, 1968. On the same day defendants' counsel filed an appearance and answer in which it was denied "that they ever signed any note in favor of the Plaintiffs" and also alleged a material alteration and that plaintiff was subject to all claims and defenses because it was not a holder in due course. On June 11, plaintiff denied each and every allegation in the answer.

On October 7, 1968, plaintiff filed a motion for summary judgment alleging that defendants had no defense to its action on the note for a debt of a liquidated amount. A copy of the note and an affidavit of the assistant secretary of the plaintiff was filed with the motion. The affidavit stated that the defendants signed a promissory note negotiable on its face in the amount of $915.84 which was transferred by endorsement to plaintiff which received it in good faith and without notice of any defense. The affidavit stated further that the remaining balance is past due and payable by reason of its acceleration clause. On receipt thereof, counsel for defendants immediately requested "the Clerk to mark up said motion for a hearing pursuant to Rule 47 of the Superior Court". RSA 491:App. R. 47. January 7, 1969 defendants' counsel filed an objection to plaintiff's motion for summary judgment accompanied by an affidavit signed by the defendants containing essentially the same facts as were alleged in their answer filed June 7, 1968.

Plaintiff's motion for summary judgment was heard and denied on March 17, 1969 by *Flynn,* J. who reserved and transferred plaintiff's exception thereto.

"The summary judgment is an attempt to meet the problem of the paper or sham issue in a way which is speedier and less expensive to all concerned than a full-dress trial." James, Civil

Procedure *s.* 6.18, *p.* 231 ( 1965 ). In order to accomplish this laudable purpose, the dictates of the statute ( RSA 491:8-a ) must be adhered to. This is especially true in actions on negotiable instruments where "this procedure got its start." James, *Id.* at 233. RSA 491:8-a provides that the facts stated in affidavits accompanying a party's motion for summary judgment "shall be taken to be admitted for the purpose of the motion unless within fifteen days contradictory affidavits . . . are filed . . . . If such affidavits are not filed . . . judgment shall be entered on the next judgment day in accordance with the facts."

It is clearly established that an answer such as that filed by the defendants when the writ was entered does not meet the requirements of the statute. *Community Oil Co.* v. *Welch,* 105 N.H. 320, 322, 199 A.2d 107, 109. In that case, however, it was held that the trial court in its discretion could permit an answer timely filed to be amended into a counter-affidavit which would meet the statutory requirements. At that time RSA 491:8-a provided that "if such affidavits are not filed by the opposing party . . . judgment shall be entered on the next judgment day . . . or such further order made as justice may require."

The year following this decision, the legislature by amendment ( Laws 1965, 139:1 ) struck out the above latter alternative. In *Chemical Insecticide Co.* v. *State,* 108 N.H. 126, 130, 229 A.2d 167, 170, decided thereafter, it was held that the statute, as so amended, did not preclude, as a matter of law, consideration of a counter-affidavit filed by the defendant within 3 days after the prescribed fifteen days and before the next judgment day. "However the Court's discretion to determine what justice requires in a particular case must be exercised with serious regard for the salutary objectives of the statute." In the light of this restriction, it would require a most unusual set of circumstances to warrant a trial court in its discretion to permit the filing of a counter-affidavit about 75 days after it was required by the statute. The record before us does not reveal the existence of such circumstances in this case. Furthermore we are of the opinion that Superior Court Rule 47 ( RSA 491:App. R. 47 ) was not intended to, and does not, contravene the specific requirements of RSA 491:8-a.

On defendants' failure to file the required counter-affidavits, it follows that the facts in plaintiff's affidavit which accompanied its motion for summary judgment must be taken as admitted

for the purpose of the motion. *Keegan* v. *Gustavson,* 108 N.H. 43, 44, 226 A.2d 776, 777; *Glen View Club* v. *Becker,* 113 Ill. App. 2d 127, 251 N.E.2d 778. In accordance therewith it is un-contradicted that the defendants signed the note sued upon which the plaintiff acquired for value in good faith and without notice of any defense or claim to it on the part of any person and defendants owe the remaining balance of $591.88. Accordingly "judgment [should] be entered [for the plaintiff] on the next judgment day in accordance with the facts." RSA 491:8-a; RSA 382-A:3-305, -307, -407.

*Judgment for plaintiff.*

All concurred.