Exeter District Court,
No. 6170.

### MERRIMACK FARMERS EXCHANGE, INC.

*v.*

### WARREN ELLIOTT
### and
### WATSON W. BAKER.

April 5, 1971.

122

*Perkins, Holland, Donovan & Beckett* ( *William H. M. Beckett* by brief ), for the plaintiff.

*Wayne J. Mullavey,* for the defendants, filed no brief.

PER CURIAM. This is an action of assumpsit on a check dated June 19, 1969, for $250, drawn by the defendant Baker upon the Amoskeag National Bank of Manchester, and negotiated by the defendant Elliott to the plaintiff Merrimack Farmers Exchange, Inc. The check, received as an exhibit, has a "stop payment" stamped upon it.

At the trial, neither defendant testified and the court found that the plaintiff took the instrument for value, in good faith and without notice of any defense to it.

At the close of the plaintiff's case, a motion to dismiss as to the defendant Baker was granted and the plaintiff excepted. The question thus raised was transferred under RSA 502-A:17-a by *Alvah C. Drake,* Special Justice of the Exeter District Court.

It appears undisputed that the check is a negotiable instrument and was negotiated as such. RSA 382-A:3-104 ( 1 )( a )-( d ), ( 2 )( b ). The maker, who was the defendant Baker, did not deny his signature and it accordingly is admitted. RSA 382-A:3-307; Superior Court Rule 43. *See also Amoskeag Savings Bank* v. *Patterson,* 110 N.H. 261, 266 A.2d 116 ( 1970 ).

On the strength of the court's unchallenged finding that the plaintiff took the check for value, in good faith and without notice of any defense to it, it was a holder in due course. RSA 382-A:3-302. As such, it took the instrument free of any defenses on the part of the defendant Baker, with whom it had not dealt and who, as a matter of fact, has offered no defense. RSA 382-A:3-305. *See also Amoskeag Savings Bank* v. *Patterson supra.* Since the defendant Baker did not draw without recourse and has no defense, he must pay the amount of the check to the

plaintiff. RSA 382-A:3-413; *Amoskeag Savings Bank* v. *Patterson supra.*

The plaintiff urges, in addition to the regular costs to which it is entitled, that it should be allowed counsel fees in order to place it in as good a position as if Baker had fully performed his agreement. Reliance is placed upon RSA 382-A:1-106, which reads as follows: " ( 1 ) The remedies provided by this chapter shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed but neither consequential or special nor penal damages may be had except as specifically provided in this chapter or by other rule of law. " " The law is well settled in New Hampshire that there can be no recovery of counsel fees from the adverse party to a cause in the absence of statutory authorization, agreement between the parties, or some established exception. " *Utica Insurance Co.* v. *Plante,* 106 N. H. 525, 526, 214 A.2d 742 ( 1965 ). *See also Devoid* v. *Anderson,* 108 N.H. 89, 227 A.2d 777 ( 1967 ); *Guay* v. *Association,* 87 N.H. 216, 177 A. 409 ( 1935 ). Nor do we believe that RSA 382-A:1-106, containing as it does certain restrictions, can be construed to require the allowance of counsel fees in addition to the regular costs.

The plaintiff's exception to the dismissal of the case against the defendant Baker is sustained and the order is

*Exception sustained; remanded.*