Hillsborough
No. 79-029

### Marion B. Dolan

v.

### Maple Leaf Health Care Center, Inc. Epsom Manor Health Center, Inc.

May 23, 1979

*Richard E. Boyer*, of Nashua, by brief and orally for the plaintiff.

*Jean-Claude Sakellarios*, of Manchester, by brief and orally for the defendant.

### Memorandum Opinion

Plaintiff brought suit against both defendants for damages arising out of an alleged breach of a contract of employment. Defendant Epsom Manor Health Center, Inc. moved for summary judgment and filed an affidavit of the administrator and officer in charge of Epsom Manor having authority to hire and fire. He stated that plaintiff was not employed by Epsom Manor but that he believed that she was employed by Maple Leaf Health Care Center, Inc.

Plaintiff filed a counter-affidavit in which she stated that it was her belief that she was an employee of both defendants, that the employee manual she was given was produced by both organizations, that the defendants are really one and the same organization with identical directors and officers, that she attended meetings at the request of both defendants and that she worked under the supervision of individuals of both defendants.

The trial court granted Epsom Manor's motion, finding that no genuine issue of material fact existed. Plaintiff's exception was transferred by *Goode,* J.

■■ Although a counter-affidavit must contain more than vague and general allegations, it need not contain all the evidence on an issue. *Arsenault v. Willis*, 117 N.H. 980, 380 A.2d 264 (1977). It is sufficient that enough facts be stated to indicate that a genuine issue of fact exists so that the party should have an opportunity to prove the fact at trial. All reasonable doubts should be resolved against the movant. *Chemical Insecticide Co. v. State*, 108 N.H. 126, 129, 229 A.2d 167, 169–70 (1967). We hold that the counter-affidavit in this case is sufficient to show the existence of a genuine issue of fact. The manner in which these two corporations with identical officers and directors operated and the way plaintiff was supervised could, when the evidence is all in, support a finding that plaintiff was employed by both corporations.

*Exception sustained.*