Mary Sue HOPPE, Plaintiff–Appellant,

v.

FIRST MIDWEST BANK OF POPLAR BLUFF, Respondent–Appellant,

and

First Missouri State Bank and Ted M. Henson, Jr., Defendants–Respondents.

Nos. 19733 & 19788.

Missouri Court of Appeals, Southern District, Division Two.

May 2, 1995.

Rehearing Denied May 24, 1995.

William C. Vandivort, Dement, Vandivort & Dement, Sikeston, for appellant Mary Sue Hoppe.

C.H. Parsons, Jr., David A. McAllister, Parsons, Wilson & Satterfield, P.C., Dexter, for respondent/cross-appellant First Midwest Bank.

Wallace L. Duncan, Richardson & Duncan, Poplar Bluff, for respondent First Missouri State Bank.

PARRISH, Judge.

In No. 19733 Mary Sue Hoppe (plaintiff) appeals the amount of damages she was awarded in an action for conversion of funds based on negotiation of a check with a forged endorsement. She contends the trial court erred by not assessing sufficient damages against First Midwest Bank of Poplar Bank (First Midwest) and First Missouri State Bank (First Missouri) and by not allowing prejudgment interest and attorney fees. The parts of the judgment assessing damages against First Midwest and First Missouri and denying plaintiff prejudgment interest are reversed. In all other respects the judgment entered on plaintiff's petition is affirmed.

In No. 19788 First Midwest appeals the trial court's failure to include attorney fees in

damages awarded on its cross-claim against First Missouri. That part of the judgment is reversed. In all other respects the judgment entered on First Midwest's cross-claim against First Missouri is affirmed.

The case is remanded with directions.

## Facts

Plaintiff brought this action against Ted M. Henson, Jr., an attorney, First Midwest and First Missouri. She sought damages of $12,000 with interest thereon from October 12, 1987, and for reasonable attorney fees.

Plaintiff's husband hired Henson to collect a debt. After her husband died, plaintiff attempted its collection. Henson asked her if she would accept $12,000 in settlement of the indebtedness. She agreed.

Henson received a check in the face amount of $12,000 in payment of the debt owed plaintiff. The check was payable to the order of Mary Sue Hoppe and Ted M. Henson, Jr. It was dated October 12, 1987, and drawn on First National Bank of Poplar Bluff (now First Midwest).[1] The check was deposited in Henson's personal bank account at First Missouri. At the time the check was deposited, it appeared to have been endorsed by Henson and plaintiff. Plaintiff's name, as one of the endorsers, was forged. None of the proceeds of the check was paid to plaintiff.

First Missouri stamped the check "Pay any bank. PEG. First Missouri State Bank, Poplar Bluff, Missouri." The check ultimately cleared and was paid by First Midwest.

Plaintiff did not know when Henson received the settlement check. She received a letter from Henson dated September 16, 1988, advising her that he would try to get her case concluded as quickly as possible. Henson wrote plaintiff in a letter dated March 2, 1989, "I'm sorry this case is dragging out so long, but I am sure you understand."

Plaintiff terminated Henson's legal services in January 1991, and obtained other counsel. Her new attorney discovered the check and learned it had been deposited in Henson's account. Plaintiff filed this action in October 1992, seeking damages from Henson for negotiating the check with a forged endorsement and damages from First Midwest and First Missouri for paying the check based on the forged endorsement.

First Missouri and First Midwest filed cross-claims. First Missouri's cross-claim was against Henson. First Midwest's cross-claim was against First Missouri and Henson. Both cross-claims sought damages for the face amount of the check, interest and attorney fees.

The trial court found for plaintiff on her petition. It awarded plaintiff damages against Henson in the amount of $12,000 together with interest at the rate of 9% per annum from October 12, 1987, and attorney fees of $7,400.53. It awarded damages against First Midwest and First Missouri in the amount of $8,000. The judgment provided:

> In no event shall Plaintiff receive more than $12,000.00 as principal damages from Defendants. Plaintiff is awarded no prejudgment interest as to Defendants, First Midwest Bank of Poplar Bluff or First Missouri State Bank, but is awarded prejudgment interest from and after October 12, 1987, as to Defendant, Ted M. Henson, Jr.

The trial court found for First Midwest on its counterclaim against Henson. It awarded damages "for indemnification with respect to any amount of principal damages Defendant, First Midwest Bank of Poplar Bluff may be required to pay ... up to the sum of $8,000.00, together with interest o[n] any such sum at nine percent (9%) from the date any such payments are made; for attorney's fees in the amount of $9,750.00 and for its taxable costs...."

The trial court also found for First Midwest on its cross-claim against First Missouri. Judgment was entered in favor of First Midwest for indemnification "up to the sum of $8,000.00, together with interest on any such sum at nine percent (9%) from the date any such payments are made, and for ... costs herein."

1. The bank will be referred to in this opinion as First Midwest.

First Missouri was awarded judgment on its cross-claim against Henson "for indemnification ... up to the sum of $8,000.00, together with interest on any such sum at nine percent (9%) from the date any such payments are made; for attorney's fees of $4,437.76 and for ... costs herein incurred."

### Plaintiff's Appeal No. 19733

Plaintiff's brief attempts to present three points on appeal. They state [2]:

I. THE TRIAL COURT ERRED IN AWARDING [PLAINTIFF] ONLY EIGHT THOUSAND DOLLARS ($8,000) AGAINST DEFENDANTS FIRST MIDWEST AND FIRST MISSOURI INSTEAD OF TWELVE THOUSAND DOLLARS ($12,000), THE FACE AMOUNT OF THE FORGED CHECK.

II. THE TRIAL COURT ERRED IN AWARDING [PLAINTIFF] INTEREST AGAINST FIRST MIDWEST AND FIRST MISSOURI ONLY FROM THE DATE OF JUDGMENT AND NOT FROM THE DATE OF CONVERSION.

III. THE TRIAL COURT ERRED IN AWARDING [PLAINTIFF] NO ATTORNEYS' FEES AGAINST FIRST MIDWEST AND FIRST MISSOURI.

■ None of the points comply with requirements of Rule 84.04. They do not explain "wherein and why" the actions of the trial court are erroneous. *See* Rule 84.04(d); *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978); and *Thomas v. Smithson,* 886 S.W.2d 951, 952 (Mo.App.1994). The points preserve nothing for appellate review. *Id.* at 952–53. This court may, nevertheless, consider points for plain error if the issues presented can be discerned from the argument portion of the brief. *Hoffman v. Koehler,* 757 S.W.2d 289, 292 (Mo.App.1988). The points will be considered in that light.

■ Plaintiff's first point questions the amount of damages the trial court assessed against First Midwest and First Missouri.

The trial court assessed damages of $8,000 against the two banks instead of the face amount of the check, $12,000.

At trial Henson testified that his fee agreement with plaintiff's husband was that he would receive one-third of any amounts collected. The trial court appears to have concluded that Henson was not entitled to the $4,000 suggested by his testimony since it awarded plaintiff judgment against him for the face amount of the check, $12,000. Under those circumstances, it was error not to allow plaintiff damages in the same amount against First Midwest and First Missouri.

■ Plaintiff's recovery from First Midwest and First Missouri is based on conversion. The law in effect at the time the check was negotiated is set forth in § 400.3–419.[3] The part of the statute applicable to the facts of this case states:

(1) An instrument is converted when

.     .     .     .     .

(c) it is paid on a forged endorsement.

(2) In an action against drawee under subsection (1) the measure of the drawee's liability is the face amount of the instrument. In any other action under subsection (1) the measure of liability is presumed to be the face amount of the instrument.

.     .     .     .     .

In *Twellman v. Lindell Trust Co.,* 534 S.W.2d 83 (Mo.App.1976), the court limited the applicability of this statute in certain instances. It held that a drawer of a check that was paid on a forged endorsement was not entitled to recover the face amount of the check from the drawee bank where the drawer had been partially reimbursed for his losses on the instrument. In *Twellman* the forger had previously made a partial repayment to the drawer. The court held that the statute should not be read so narrowly as to

---

**2.** Citations of authorities that follow each point are omitted.

**3.** References to statutes are to RSMo 1986 unless stated otherwise. The current statute applicable to conversion of instruments is § 400.3–420,

RSMo 1994. It was enacted in 1992, after this action arose. Its application is prospective in that it does not expressly provide otherwise. *See Callahan v. Cardinal Glennon Hospital,* 863 S.W.2d 852, 872 (Mo. banc 1993).

prevent a set-off in the amount already recovered. *Id.* at 96.

The only justification for not holding First Midwest and First Missouri liable for the face amount of the check would be that one of the joint payees, Henson, was entitled to, and did receive, part of the proceeds from the check. It could be argued, under that scenario, that the banks' liability to plaintiff should be limited to the part of the proceeds she was to receive—an amount less than the face amount of the check.

A New Jersey case, *Nutt v. Chemical Bank,* 231 N.J.Super. 57, 555 A.2d 8 (Ct.App. Div.1989), reached a result similar to the one the trial court reached in this case. In *Nutt* the court relied on New Jersey precedent similar to the holding in *Twellman* for the proposition that the absolute liability language in Uniform Commercial Code § 3–419(2)—the language that appears in § 400.3–419(2)—did not preclude allowing a set-off to the drawee bank for an attorney fee owed by one joint payee to another.

*Nutt* involved joint payees on a check. The check was payable to the order of "Ronald R. Nutt and Henry S. Gordon, Esq." Gordon endorsed the check "Ronald R. Nutt by Henry S. Gordon agent and attorney in fact" and deposited it in his trust account in another bank. Nutt sought recovery from the bank for conversion and breach of contract, alleging that his signature was unauthorized and that he did not receive any proceeds from the check. The New Jersey court awarded Nutt judgment against the bank. However, in assessing damages, the New Jersey court took the fee agreement between Nutt and Gordon into account. It reasoned:

> Since this case involves joint payees, only one of whose name was forged, the rule of absolute liability cannot prevail where the defendant bank's alleged damage issue involves disputed claims between the two payees concerning how the proceeds were to have been divided. Whether defen-

dant's obligation is absolute or only presumptive, it is liable to both Nutt and Gordon for the face amount of the check. To the extent that the bank has overpaid Gordon, it may recoup these funds and has asserted this right by way of third-party complaint. To the extent that it has underpaid Nutt, it must now remedy this wrong.... [I]f in fact, Gordon were to have received his legal fee from the proceeds, then Nutt would be entitled to the settlement amount, less the fee.

555 A.2d at 12.

The reasoning in *Nutt* is apropos to this case. However, there are factual differences that affect its application.

■ In *Nutt* set-off was allowed because the attorney and joint payee, Gordon, was entitled to a fee from the proceeds of the check. In this case, the trial court, by awarding plaintiff damages against Henson for the face amount of the check, concluded that Henson was not entitled to a fee.[4] No disputed claim between joint payees remained. The banks were not entitled to set-offs.

The trial court erred in assessing plaintiff's damages against the two banks for less than the face amount of the check. That error resulted in manifest injustice to plaintiff. Point I is granted. Plaintiff is entitled to recover the face amount of the check, $12,-000, from First Midwest and First Missouri.

■ Plaintiff's second point claims the trial court erred in not awarding prejudgment interest against First Midwest and First Missouri. The check that was paid on the forged endorsement of plaintiff was dated October 12, 1987. First Missouri's stamped endorsement on the check is dated October 13, 1987, apparently the date the check was negotiated.

■ Section 400.3–122(4)(b) (repealed 1992) provides that interest runs from the date of accrual of a cause of action.[5] The

---

4. Complete forfeiture of attorney fees occurs when an attorney's "willfully blameworthy" conduct clearly and seriously violates the attorney's duties and thereby destroys the attorney-client relationship. *International Materials Corp. v.*

*Sun Corp., Inc.,* 824 S.W.2d 890, 895 (Mo. banc 1992).

5. § 537.520 provides that interest in a tort case may be awarded in the discretion of the trial

cause of action accrued the date the check was paid, October 13, 1987. § 400.3–419(1)(c). The trial court erred in not granting pretrial interest on plaintiff's damages from First Midwest and First Missouri. Failure to award pretrial interest resulted in manifest injustice to plaintiff. Point II is granted.

■ Plaintiff's third point is directed to the trial court's failure to include attorney fees as part of the damages assessed against First Midwest and First Missouri. Plaintiff argues that § 400.1–106(1) permits the award of attorney fees. It states:

> The remedies provided by this chapter shall be liberally administered to the end that the aggrieved party may be put in as good a position as if the other party had fully performed but neither consequential or special nor penal damages may be had except as specifically provided in this chapter or by other rule of law.

In *Nix v. Nix,* 862 S.W.2d 948 (Mo.App. 1993), this court explained when attorney fees are recoverable.

> [W]ith certain exceptions, litigants bear the expense of their own attorney fees. Ordinarily, any exceptions fit into one of four categories: recovery of fees pursuant to contract, recovery provided by statute, recovery as an item of damage to a wronged party involved in collateral litigation, and, occasionally, reimbursement when ordered by a court of equity to balance benefits.

*Id.* at 952.

The statute upon which plaintiff relies does not specifically provide for the award of attorney fees.[6] There is no contract that authorizes the award of attorney fees. As between plaintiff and the two banks, this is not collateral litigation. This is an action at law, not one in equity. Point III is denied.

### First Midwest's Cross–Appeal No. 19788

■ For its cross-appeal, First Midwest contends the trial court erred in not allowing attorney fees as damages in its cross-action against First Missouri. First Midwest contends that First Missouri breached its warranty that all signatures on the check were authentic and authorized, and that § 400.4–207 entitles First Midwest to collect damages from First Missouri for the breach of warranty, including attorney fees. Section 400.4–207[7] states, in pertinent part:

. . . . .

> (2) Each customer and collecting bank who transfers an item and receives a settlement or other consideration for it warrants to his transferee and to any subsequent collecting bank who takes the item in good faith that

. . . . .

> (b) all signatures are genuine or authorized; . . .

. . . . .

> (3) The warranties and the engagement to honor set forth in subsections (1) and (2) arise notwithstanding the absence of endorsement or words of guaranty or warranty in the transfer or presentment and a collecting bank remains liable for their breach despite remittance to its transferor. **Damages for breach of such warranties** or engagement to honor shall not exceed the consideration received by the customer or collecting bank responsible plus finance charges **and expenses related to the item,** if any. [Emphasis added.]

. . . . .

*See Merrimack Farmers Exchange, Inc. v. Elliott,* 111 N.H. 121, 276 A.2d 258, 260 (1971), and *Perkins State Bank v. Connolly,* 632 F.2d 1306, 1314 (5th Cir.1980).

---

court. § 400.3–122(4), however, applies to causes of action related to negotiable instruments. It is the applicable statute. *See City of Raytown v. Danforth,* 560 S.W.2d 846, 848 (Mo. banc 1977).

**6.** The New Hampshire Supreme Court and the Fifth U.S. Circuit Court of Appeals, applying Florida law, rejected arguments that the provision of the Uniform Commercial Code on which plaintiff relies permits the award of attorney fees.

**7.** § 400.4–207 was amended in 1992. The substance of the part of the amended statute that relates to the issue addressed in this appeal is unchanged. *See* § 400.4–207(a)(2) and (c), RSMo 1994.

First Missouri accepted the check with the forged endorsement of plaintiff for deposit to the credit of Henson's account—First Missouri was the collecting bank. Thereafter, First Missouri transferred the item to First Midwest, the bank on which it was drawn. First Midwest, in reliance on First Missouri's warranty that the signatures, including plaintiff's, were valid, paid the check. First Midwest incurred expenses, including attorney fees, in defending the action brought by plaintiff.

Neither party has cited a Missouri case that has interpreted the language in § 400.4–207(3) with respect to damages arising from the breach of statutory warranties by a collecting bank. This court's independent research, likewise, disclosed no such Missouri case.

This question was addressed in *Bagby v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 491 F.2d 192 (8th Cir.1974). The 8th Circuit, with little discussion, upheld a district court's award of attorney fees as an element of damages under the language of § 400.4–207. *Id.* at 198–200. *Bagby* was followed in *Garnac Grain Co. v. Boatmen's Bank & Trust Co.,* 694 F.Supp. 1389 (W.D.Mo.1988). The district court in *Garnac* explained, with respect to the language from the Uniform Commercial Code that is included in Missouri's statutes:

Section 4–207(3) provides that damages for breach of warranties include "finance charges and expenses related to the item, if any." Comment 5 following section 4–207 states that "[t]he 'expenses' referred to in this phrase may be ordinary collecting expenses *and in appropriate cases could also include such expenses as attorney's fees"* [emphasis added]. The Eighth Circuit Court of Appeals, interpreting Missouri law, has held that a drawee/payor bank can collect the attorney's fees it incurred in defending a suit against its customer from a collecting bank, if the collecting bank breached a section 4–207 warranty. *Bagby v. Merrill Lynch, Pierce, Fenner & Smith,* 491 F.2d 192, 198–200 (8th Cir.1974). Other courts have ruled similarly. *See Perkins State Bank v. Connolly,* 632 F.2d 1306, 1314–16 (5th Cir.1980);

*Long Island Trust Co. v. National Bank of North America,* 28 U.C.C.Rep.Serv. 1442, 1446, 1980 WL 98455 (N.Y.Sup.Ct.1980). *Id.* at 1401–02. The district court also observed with respect to *Bagby,* "The Court further held that the liability was limited to attorney's fees incurred on the underlying lawsuit and not those expended enforcing the warranty against the collecting bank." 694 F.Supp. at 1402.

This court's task in interpreting and applying § 400.4–207(3) is one of first impression. As such, it is appropriate to consider the statute in light of other Missouri law. "Statutes are to be construed in a way that synchronizes their meaning with the existing common law." *Lawson Rural Fire Ass'n v. Avery,* 764 S.W.2d 113, 116 (Mo.App.1988).

In denying plaintiff's claim for attorney fees against First Missouri and First Midwest, this opinion pointed to language in *Nix v. Nix, supra,* that discussed categories of cases in which Missouri courts have permitted litigants to recover attorney fees from adverse parties. One of those categories is collateral litigation. 862 S.W.2d at 952. As explained in *State ex rel. Moore v. Morant,* 266 S.W.2d 723, 727 (Mo.App.1954), "Where ... the natural and proximate result of a wrong or breach of duty is to involve the wronged party in collateral litigation, reasonable attorneys' fees necessarily and in good faith incurred in protecting himself from the injurious consequence thereof are proper items of damages."

First Midwest incurred attorney fees in defending the action plaintiff brought. That action was based on First Missouri's acceptance and transfer of the check to First Midwest. This is the type of expense for which § 400.4–207(3) permits recovery. Section 400.4–207(3) is consistent, in this regard, with Missouri's rule permitting recovery of attorney fees in collateral litigation.

The trial court erred in denying First Midwest's claim for attorney fees in its cross-claim against First Missouri. First Midwest is entitled to recover the reasonable attorney fees it incurred in defending the action brought by plaintiff. First Midwest is not entitled to recover attorney fees it incurred

in prosecuting its cross-claim against First Missouri. No. 19788 must be remanded with directions to the trial court to include the reasonable attorney fees First Midwest incurred in defending plaintiff's action as damages in its cross-claim against First Missouri.

### First Midwest's Motion for Attorney Fees On Appeal

First Midwest has filed a motion with this court seeking additional damages for attorney fees incurred by reason of these appeals. *See Knopke v. Knopke,* 837 S.W.2d 907, 924 (Mo.App.1992). That motion is granted as to expenses incurred in No. 19733 and denied as to expenses incurred in No. 19788. The trial court is directed to determine the amount of reasonable attorney fees First Midwest incurred in appeal No. 19733 and to include that amount in damages to be awarded First Midwest on its cross-claim against First Missouri.

### Dispositions

No. 19733 is reversed as to the amount of damages awarded plaintiff against First Midwest and First Missouri and the denial of pretrial interest and remanded. The trial court is directed to award plaintiff damages against First Midwest and First Missouri for the face amount of the check and to allow interest on that amount from October 13, 1987, the date the check was negotiated. In all other respects, No. 19733 is affirmed.

No. 19788 is reversed as to denial of First Midwest's request for attorney fees from First Missouri and remanded. The trial court is directed to award First Midwest reasonable attorney fees for defending the claim asserted by plaintiff's petition, including reasonable attorney fees incurred in the appeal in No. 19733. In all other respects, No. 19788 is affirmed.

GARRISON, P.J., and PREWITT, J., concur.