## PEEBLES *v.* RAND.

43   337
66   165 ·

In error, if no error appears upon the record, none will be presumed.

The burden is on the plaintiff in error, to allege and prove the errors on which he relies.

If the error relied upon does not appear upon the record as extended, when it ought, application must be made to the court for an amendment.

A writ of error does not lie, where the party can avail himself of a bill of exceptions and of the summary proceedings provided by the statute of 1855.

An exception will be regarded as waived, where the party is present, and has an opportunity to except, and does not then avail himself of it.

In Error. By the copy of the record attached to the writ of error, it appears the defendants in error brought their action of assumpsit upon an account annexed, against Peebles, Deming and Tewksbury.     The case was tried by the court upon the general issue, and the finding of the court was, "And the court do find that the said Tewksbury be discharged, and that the said Peebles and Deming did promise in manner and form as the plaintiffs have declared against them; and assess damages in the sum of sixteen dollars and forty-eight cents."     It is therefore considered, &c., that the plaintiffs recover against the said defendants, Peebles and Deming, sixteen dollars forty-eight cents damages, and costs of suit, &c.     Two errors are assigned; 1st, because judgment was rendered

in favor of said Rands against said Peebles and Deming, instead of in favor of said Peebles and Deming against said Rands, as by law it should; and 2d, because the court upon the trial found that said Tewksbury did not promise in manner and form as the plaintiffs alleged, and so the court discharged said Tewksbury in and from said suit, yet the court did not render judgment in favor of all said defendants, Peebles, Deming, and Tewksbury, against the said plaintiffs, as by law they ought; but did erroneously render a judgment in favor of said Rand against said Peebles and Deming, for the amount of their claim, and costs.

*H. Hibbard,* and *Lang,* for the plaintiffs.

No elementary principle seems to be better settled than that, at common law, if one of several joint defendants in an action *ex contractu,* be discharged on trial, no judgment can be rendered against the others, but all must be discharged. 1 Chit. Pl. 50, 51, 52; 11 U. S. Dig. 190, sec. 10.

The plaintiffs might have amended their writ before the evidence was closed, by striking out the name of Tewksbury, on payment of his costs up to that time. Comp. Stat. 481, sec. 19. They did not elect so to do, but sought to charge him with the other defendants. He was found not liable upon the evidence, and his discharge was the discharge of all. It appearing upon the issue joined that they did not promise in manner and form as was alleged in the declaration, they were entitled to a judgment accordingly, which this court will render upon this writ. Without the statute there could be no amendment by striking out the name of one of the defendants. *Redington* v. *Farrar,* 5 Greenl. 379.

In case of too many plaintiffs such amendment is not now admissible, the statute making no provision for such a contingency. The nonsuit of one is the nonsuit of all. *Picket* v. *Ring,* 4 N. H. 212; *Rand* v. *Dodge,* 12 N. H. 67.

The writ of error is properly brought in behalf of the same parties against whom the erroneous judgment was rendered. *Whitmore* v. *Delano,* 6 N. H. 543; Howes' Prac. 74, and cases cited.

*C. W. & E. D. Rand, pro se.*

When the allegation is against several upon a joint promise, there are various methods whereby one may be released and the others held; as where one is without the State, or even in the State and it does not appear why he was not summoned, for the error must appear; *Merrill* v. *Coggill,* 12 N. H. 97; or where the service is defective; *Burt* v. *Stevens,* 22 N. H. 229. And even where all the defendants are properly in court the plaintiff, at his own election, may, before the evidence is closed, amend the writ by striking out the name of any one of the defendants, and proceed against the others. Rev. Stat., ch. 186, sec. 19.

So, also, on trial, by pleading or giving in evidence matter of personal discharge. *Huntress* v. *Johnson,* 5 Johns. 160; *Andrews* v. *Waring,* 20 Johns. 159; *Niles* v. *Drake,* 17 Pick. 500; *Parsons* v. *Plaisted,* 16 Mass. 189; *Colcord* v. *Swan,* 7 Mass. 291. And under

the general issue he may show infancy, lunacy, drunkenness, or other mental incapacity, duress, fraud, and the like; 2 Greenl. Ev., sec. 135; or any other matter, we apprehend, proper to be given in evidence under the general issue, that proves the contract never was valid as to him. *Merrill* v. *Coggill*, before cited. Suppose then he shows that he never promised at all, and never had any thing to do with the original contract. Is not this a matter of personal discharge? How could it discharge the others? In *Boardman* v. *Paige*, 11 N. H. 435, the reasoning of the court plainly implies that when in an action against several on a joint contract, one is discharged on trial, it is to be presumed that he was discharged by matter personal to himself, not operating as a technical release or discharge of the contract, unless the contrary appears. In such a case, should a writ of error be brought to reverse the judgment, it will not be sustained by showing the discharge merely, but only by showing the grounds of the discharge, and that they operated as a discharge of the contract itself, which is not done here.

BELL, C. J.,   In a joint action in form *ex contractu*, judgment can not in general be given against one defendant without the other. 1 Chit. Pl. 31, and cases cited. The plaintiff must show a joint subsisting liability of all the defendants, or he can not recover against either. *Tuttle* v. *Cooper*, 10 Pick. 281; *Livingston* v. *Tremper*, 11 Johns. 101; *Town* v. *Goodrich*, 2 Johns. 213; *Wolcott* v. *Canfield*, 3 Cow. 194. And where the plaintiff discontinues, or enters a *nol. pros.* against one, he can not have judgment against the other or others, by default, or verdict. *Hall* v. *Rochester*, 3 Cow. 374.

To this rule there is an exception in the cases of infancy, death, or discharge under a bankrupt, or insolvent law, where the defense goes merely to the personal discharge of some of the parties. 1 Chit. Pl. 32; *Huntress* v. *Thompson*, 5 Johns. 160; *Woodward* v. *Newhall*, 1 Pick. 500; *Robertson* v. *Smith*, 18 Johns. 459; *Tuttle* v. *Cooper*, 10 Pick. 291; *Decostâ* v. *Davis*, 4 Zab. 419. If the defendants sever in their pleas, as where one pleads some plea which goes to his personal discharge, such as bankruptcy, *ne unques* executor, and the like, and not to the action of the writ, the plaintiff may enter a *nolle prosequi* as to him, and proceed against the others. *Salmon* v. *Smith*, 1 Wms. Saund. 207, note; *Townsend* v. *Riddle*, 2 N. H. 449; *Ward* v. *Johnson*, 13 Mass. 151; *Moravia* v. *Hunter*, 2 M. & S. 444; 2 Tidd Pr. 632; *Merriam* v. *Wilkins*, 6 N. H. 432. The defense that one of the parties was a surety, and was discharged by a binding contract of the creditor and principal debtor, for delay, would seem to fall in the same class. *Bowman* v. *Noyes*, 12 N. H. 302.

We do not conceive that it is material that the defendants should sever in their pleas. If one of them has matter of defense personal to himself, which is admissible under the general issue, he may avail himself of that defense, though he has joined with the other defendants in pleading that plea. It is the fact that he has such a defense, which makes the difference, and not the form of the plea. Under the general plea the defendant may avail himself of infancy,

or lunacy, drunkenness, or other mental incapacity, or coverture at the time of contracting, or duress.  3 Greenl. Ev., sec. 135.

The record here shows the fact that the defendant, Tewksbury, was discharged.  It does not show for what cause, and no cause is set up in the assignment of errors.  The question then arises, whether it is competent for the court to assume that this discharge was for a cause not personal to himself, and which went, therefore, to the whole cause of action, and necessarily defeated the action as to all the defendants.  And we are of opinion that it is not fit to make any such presumption in this case.  It was tried in this court by one of the judges, and judgment was rendered upon his finding against two of the defendants; which must be regarded as strong evidence that the defense made by the other was not one which showed all the defendants alike discharged.  The record of the judgment is manifestly very imperfect, the finding of the court being, "that the said Tewksbury be discharged," and "that the said Peebles and Deming did promise," &c.  The force of the term "discharged," is not apparent.  It may mean that Tewksbury was, on motion of the plaintiff, struck out of the writ, as well as that he did not promise, and was therefore discharged.  How this may be, does not appear from this mere memorandum.  It is not for the court to attend to the extension of the record; until the contrary is shown, *omnia præsumuntur rite acta* must be the maxim as to the records of courts.  It can never be enough to show that there may be an error in their proceedings.  The party who brings a writ of error is bound to show that it exists by proper averments.

If the record is uncertain, or equivocal, the course is to apply to the court, with proper evidence of the facts, for such an amendment of the record as will show what was done, and precisely in what manner.  If it was suggested by the plaintiff, upon the trial, that the defendant, Tewksbury, should be discharged, and a minute of his discharge was accordingly made upon the writ, it could hardly admit of a doubt that the proper mode of extending the record would be, "And now at this term the parties elect and agree that this cause be tried by the court; and thereupon the court proceeded to hear the evidence, and before the same was closed, the said plaintiff moved to amend the writ by striking out the name of said Tewksbury, which the court ordered, upon payment of his costs. And the said court after hearing, &c., do find that the said Peebles and Deming did promise." &c.  Upon such a record there would be no foundation for a writ of error under our statute (Rev. Stat., ch. 185, sec. 19), which provides, that "in all actions, where there are two or more defendants, the plaintiff may amend the writ before the evidence is closed, by striking out the names of one or more of the defendants, on paying them their costs up to that time." That no formal motion was made that the one defendant should be discharged, where the plaintiff assented to his discharge, would be no reason that the record should not be made up in such a manner as at once to preserve the rights of the parties, and to be consistent with the course of proceedings prescribed by the statute in such cases.  It should be understood that the responsibility

for the correctness of the record is upon the attorney who conducts the cause, and if by neglect the labor is thrown upon the clerk, the responsibility is not his.    2 Tidd's Pr. 845.

We feel ourselves authorized to presume that the judgment was rightly entered in favor of the plaintiffs against Peebles and Deming, by several decisions of our own court.    In *Cate* v. *Pecker*, 6 N. H. 417, in assumpsit against two defendants, after a verdict against one of them, it appeared by the record that a *nolle prosequi* had been entered as to the other; but it did not appear that he had interposed any defense that was personal to himself, so as to justify a *nolle prosequi*.    On a motion in arrest of judgment for this cause, it was held, that as a *nolle prosequi* is always entered up by leave of the court, it must be presumed to have been entered in this case upon a proper occasion; and the motion in arrest was overruled. And here it may be observed that the equivocal entry, "discharged," might be well understood in a proper case to import a *nolle prosequi*.

In *Merrill* v. *Coggill*, 12 N. H. 97, it was held that where a writ is brought against two or more upon a joint contract, and service is not made upon all, the mere fact that some of the defendants named in the writ have not been summoned, and that judgment has been taken against the one on whom service was made, upon his default, is not a ground for the reversal of the judgment.    And *Parker*, C. J., says, there is a class of cases at common law of joint actions *ex contractu*, in which it is not necessary to a valid judgment that it should be entered against all the defendants.    And under our statute, no defendant included with others in an action *ex contractu*, has the right to rely on being discharged, unless the suit is sustained against all; even in a case where all are summoned, and there is no matter, as infancy, bankruptcy, &c., in personal discharge. Nor has he a right to presume that all named in the writ will be summoned.    If one live out of the State, so that no service can be made on him, the action may proceed against him who is summoned.    It is not to be inferred that service could have been made on a defendant described as a resident here.    There seems, therefore, to be no propriety in holding the judgment against the plaintiff erroneous, merely because one is named as a joint defendant and resident in the State, when there may have been reasons why he was not, and could not have been summoned, and where, if summoned, judgment might have been against the plaintiff in error alone.    And this case is approved in *Burt* v. *Stevens*, 22 N. H. 232, where the court say, "It is plain that under the statute now in force it is not the right of any defendant to be discharged upon the ground that a judgment is not rendered against all who may be joined in the action.    The very object of the statute is to provide for a judgment against a part only of those who may be joined in the action, and to relieve against the operation of the general rule upon this subject.    And it is now the right of the plaintiff to amend his writ in every case, whether the writ is served on all or not, and when so amended he may well proceed against such as are properly served.    In the present case, he says it does not appear that the defendant not served was ever jointly liable, or if ever

liable that he continued to be so, nor that he had not some good defense personal to him." The judgment was reversed as to the defendant not summoned, and a new judgment rendered against him who was notified.

Upon these views we are of opinion that it does not appear that there is any error in this record.

Upon another ground we are of opinion that a writ of error cannot be supported in this case. By the statute of July 14, 1855, for remodeling the judiciary (sec. 17), "The questions arising upon exceptions filed in any case at any trial term of the Supreme Judicial Court, or upon any special verdict, or upon any issue of law, motion for a new trial, or any other motion, rule, or order of court, or statement of facts agreed upon and signed by the parties in any case, may be reserved and assigned by the presiding justice, if he think fit, to the determination of the whole court, at the next succeeding law term in the county; and the said court, upon consideration of said questions, shall render or order such judgment, or make and certify such decisions as they think required by the circumstances of the case; and if the presiding justice shall not think fit to reserve a case, the party moving for such case may allege exceptions and present a bill thereof, which shall be allowed and signed, as in the court of common pleas. When a bill of exceptions shall be allowed and signed, at a trial term of the Supreme Judicial Court, such exceptions shall be considered by said court, at the next law term thereof held for the judicial district in which the exceptions were allowed. If judgment shall have been rendered in the Supreme Judicial Court, in any action where exceptions have been allowed as aforesaid, the judgment may be vacated at the law term of said Supreme Judicial Court, without any writ of error, and in like manner as if it had been rendered by mistake at the term at which it is vacated."

We regard this statute as designed to change the practice of the court in regard to writs of error, and to substitute for them a more simple and expeditious mode of obtaining a final decision upon questions of law arising at the trial terms, thus limiting the occasion for writs of error to those cases where the party has no opportunity to take an exception at the time. It has long been the practice of the court to regard exceptions, which are not taken at the time, or which are not insisted upon, as waived, and no injustice or inconvenience has ever resulted, so far as we are aware, from that rule. And we think it may well be considered, that a party has waived any objection to an order or decision of the court, to which, being present and having an opportunity to object, he has, at the time, taken no exception. This view carries out the obvious purpose of the legislature, and is entirely consistent with well settled principles of the law in analogous cases.

In certain cases appeals are allowed in cases before justices of the peace, and, while we had a court of common pleas, from that court, and it was held so long ago as the case of *Metcalf* v. *Swett*, 1 N. H. 338, that no writ of error could be maintained in any case where the party had an appeal; and the same principle has been

settled in Massachusetts in a series of cases, as *Savage* v. *Gulliver*, 4 Mass. 178; *Jarvis* v. *Blanchard*, 6 Mass. 4; *Champion* v. *Brooks*, 9 Mass. 228. These cases are cited in *Monk* v. *Guild*, 3 Met. 372, where it is said by *Shaw*, C. J., that the reasons on which the rule is founded, are that the remedy by appeal is more simple, more prompt, less expensive and circuitous. This rule, that he who has a right to appeal shall not bring error, applies of course to cases only where the party has an opportunity to appeal. If he never appeared, or was never duly summoned, and judgment was rendered against him by default, the case would be very different. *Gay* v. *Richardson*, 18 Pick. 417; *Arnold* v. *Tourtellot*, 13 Pick. 172. And in that case he says, it does not appear that the party had a right to appeal; but if the *ad damnum* (where the defect was alleged to be) was insufficient, the defendant had only to put in writing his motion to dismiss the action and the decision overruling it in the form of a bill of exceptions, in which case it would become a part of the record; then if he was right in contending that he was not bound to answer for want of due service of the writ, after a final judgment, either *pro forma* or upon the merits, he would have the same benefit in the summary mode of exceptions, of having the opinion of the court upon the question as he could have in case of an appeal in the ordinary form; and it was held that the plaintiff should take nothing by his writ of error. This view of the law seems to us sound and well sustained.

*Judgment for the defendants.*