Manchester District Court
No. 6594

Dunhill of Manchester, Inc. v. Pauline Bardelcik

May 31, 1973

*Rinden & Tarrant* and *Eleanor S. Krasnow (Mrs. Krasnow* orally) for the plaintiff.

*McLane, Carleton, Graf, Greene & Brown* for the defendant filed no brief.

Lampron, J.   Plaintiff appeals from a ruling of the Manchester District Court (*Capistran,* J.) denying his motion for a summary judgment on the grounds that RSA 491:8-a vests

the power to grant summary judgments only in the superior court.

The background facts, as stated in plaintiff's brief, disclosed that Dunhill's, a New Hampshire employment agency, agreed to find a suitable place for Bardelcik for a fee of $260. Plaintiff's records indicate that the defendant was placed with a Manchester law firm and that she was billed for the placement fee. When the defendant failed to respond to the bill and overdue notices plaintiff brought an action on the debt for $500 in the Manchester District Court. Inasmuch as this cause of action is within the exclusive jurisdiction of district courts (*see* RSA 502-A:14 (I)) the plaintiff sought to avail himself of the summary judgment process (RSA 491:8-a) in the Manchester District Court. After a hearing the district court denied this relief because of lack of jurisdiction to render such judgments. The exceptions of the plaintiff to this construction of RSA 491:8-a were reserved and transferred to this court.

In the course of its comprehensive brief the plaintiff has argued that the "summary judgment statute may legitimately be construed to apply to the district courts," that to limit summary judgments to the superior court results in "a number of absurdities ... some unconstitutional," and that "many district courts have granted summary judgments."

RSA 491:8-a provides that "[i]n any action founded on contract ... in which the plaintiff seeks to recover a debt ... either party may ... move for immediate entry of judgment, setting forth with particulars his cause of action or his defense." The purpose of this procedure is to expedite and facilitate the orderly resolution of cases in which no genuine issue of material fact exists. *New Hampshire York Co. v. Titus Constr. Co.*, 107 N.H. 223, 219 A.2d 708 (1966); *Community Oil Co. v. Welch*, 105 N.H. 320, 199 A.2d 107 (1964); *Salitan v. Tinkham*, 103 N.H. 100, 166 A.2d 115 (1960). Since there is no inherent power in our courts to render summary judgments, such relief "will be granted only in cases, or under circumstances, covered by the terms of the statute." 49 C.J.S. *Judgments* § 220, at 388 (1947) (citing *Chemical Insecticide Corp. v. State*, 108 N.H. 126, 229 A.2d 167 (1967)). The placement

of the section authorizing summary judgments in RSA ch. 491, relating to the powers of the superior court, and the context of the session law (Laws 1955, 46:1) clearly evidence a legislative intent to restrict jurisdiction to grant summary judgments to the superior court. There is no comparable provision contained in RSA ch. 502-A, delineating the powers exercisable by district courts. *See* Senate bill 50 (1973), enacted as Laws 1973, ch. 130, effective July 13, 1973. We adhere to what we believe to be a clear expression of legislative intent, and reject plaintiff's interpretation of RSA 491:8-a.

While the wisdom of limiting the authority to grant summary judgments to the superior court may be questionable, this court does not "second guess" such policy matters. *Niemiec v. King,* 109 N.H. 586, 258 A.2d 356 (1969). RSA 491:8-a does not produce any inequities of constitutional dimension; nor does the sometimes practice in certain district courts bear directly on the issue before this court. The plain import of RSA 491:8-a is that motions for summary judgments are only cognizable in the superior court of this State.

*Exceptions overruled.*

All concurred.