Hillsborough
No. 88-497

ATTORNEY GENERAL

v.

DIANE MORGAN

November 16, 1989

*John P. Arnold*, attorney general (*William B. Cullimore*, Director of Charitable Trusts, on the brief and orally), for the State.

*Ahlgren & Smith*, of Manchester (*Gregory J. Ahlgren* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

BROCK, C.J. This appeal arises from a decree entered for the plaintiff at a Superior Court Rule 170 arbitration hearing in which the appointed arbitrator (*Goode*, J.) found that because the defendant had admitted all of the allegations in the plaintiff's complaint, either expressly or by deemed admissions, the plaintiff was entitled to judgment. For the reasons that follow, we affirm.

In September, 1987, the attorney general, through the Director of Charitable Trusts, filed a complaint in the superior court against the defendant, Diane Morgan, and her husband, Charles Morgan,

as directors and officers of the charitable organization, "A Wish Come True, Inc." (WISH). The complaint alleged that they had violated their duty of loyalty by improperly entering into certain transactions with WISH, and had breached their duty to expend charitable funds solely for charitable purposes. The plaintiff requested the imposition of a constructive trust on WISH funds in the possession of the defendants and the return of $6,033.56 plus interest, the sum by which the defendants were allegedly unjustly enriched. Charles Morgan failed to file an answer, and judgment *pro confesso* was entered against him.

The defendant filed an answer in October, 1987, in which she admitted two of the plaintiff's allegations, clarified another "to the best of her knowledge," and responded to the remaining allegations by neither admitting nor denying them. Under Superior Court Rule 133, the defendant's answer amounted to an admission of all of the allegations in the plaintiff's complaint, since "[a]n answer, to the effect that an allegation is neither admitted or denied, [is] deemed an admission." SUPER. CT. R. 133.

The case was automatically ordered to arbitration pursuant to Superior Court Rule 170. Neither party filed a motion to take the case off the arbitration list. *See* SUPER. CT. R. 170(b)(2).

On July 28, 1988, the parties appeared for the scheduled arbitration hearing to find that the arbitrator, having reviewed the pleadings, had concluded that there was nothing to arbitrate because the defendant had admitted all of the allegations in the plaintiff's complaint. *See* SUPER. CT. R. 133. The arbitrator then entered judgment for the plaintiff, granted the requested relief, and ordered that the decree was *"not subject* to any appeal under the provisions of Rule 170." (Emphasis in original.) The arbitrator indicated that the defendant was free to file a motion to amend her answer. On August 9, 1988, the defendant filed a motion to amend, together with a motion for reconsideration. Both motions were denied. *See Rahaim v. Psaros*, 122 N.H. 613, 614, 448 A.2d 401, 402 (1983).

The defendant claims on appeal that she did not receive adequate notice that the arbitrator would consider the final disposition of the case rather than conduct an arbitration hearing pursuant to Rule 170, which allows for an absolute right to appeal to the superior court. *See* SUPER. CT. R. 170(k)(1). She further argues that even if notice was adequate, the arbitrator erred in entering summary judgment *sua sponte*, without affidavits or testimony indicating the absence of a factual dispute as required by RSA 491:8-a. In support of the arbitrator's action, the State argues that advance notice was

not necessary because the entry of a final judgment, in the absence of controverted allegations, was a mere formality. The State also argues that the summary judgment statute was inapplicable.

■■■ We conclude that the court, in its capacity as arbitrator, had no jurisdiction to enter a final judgment against the defendant at a scheduled arbitration hearing. Rule 170 limits the power of an appointed arbitrator to the issuance of a report and award which "shall be final and shall have the attributes and legal effect of a verdict" only if "no appeal is taken within the time and in the manner specified therefor. . . ." SUPER. CT. R. 170(j). If no appeal is taken, it is the "Court [which] shall enter judgment in accordance [with the arbitrator's report]." *Id.* Rule 170 restricted the arbitrator's authority to *arbitration*; when it became apparent that there was nothing to arbitrate, the hearing should have ended and the parties should have filed appropriate motions. *Cf. Dunhill of Manchester, Inc. v. Bardelcik,* 113 N.H. 276, 277–78, 306 A.2d 201, 202 (1973).

Nevertheless, it is clear that even if the arbitrator, presumably acting in his capacity as a trial judge, had not rendered a final judgment, or if the defendant had received notice that the arbitration hearing would be conclusive, the outcome would not have been affected.

■■ In her answer, the defendant effectively admitted all the allegations in the plaintiff's complaint. The trial court provided the defendant with an opportunity to amend her answer and received, considered and denied the motion to amend. Although amendment of pleadings is liberally allowed, a denial of such an amendment will not be overturned absent an abuse of discretion. *MacLeod v. Chalet Susse Int'l, Inc.,* 119 N.H. 238, 244, 401 A.2d 205, 210 (1979). Having reviewed the record before us, we find that the trial judge did not abuse his discretion in denying the motion to amend.

■■■ The defendant has made no challenge to the trial court's ruling that the original answer presented no issues of fact or law requiring adjudication by arbitration or otherwise. "A harmless error is an error that does not affect the outcome." *Place v. Place,* 129 N.H. 252, 260, 525 A.2d 704, 709 (1987). Although the trial judge erred in entering a final judgment at the arbitration hearing, the outcome of the case was not affected. Because any error was accordingly harmless, it is unnecessary to consider either the absence of notice or whether the court's decree was in the nature of a summary judgment.

*Affirmed.*

BATCHELDER, J., dissented; the others concurred.

BATCHELDER, J., dissenting: I respectfully dissent. The court correctly holds that the arbitrator erred in entering a final, unappealable judgment in the arbitration proceeding. However, the majority, in my view, incorrectly conclude that the error was harmless. The arbitration rule, Superior Court Rule 170, permits parties to appeal arbitration awards to the superior court. *Id.* at 170(k)(1). The arbitrator attempted to preclude such an appeal.

Mandatory non-binding arbitration is designed to give the litigants a preview of the probable outcome should they go to trial. The emphasis is on encouraging settlement. Lacking is the same impetus present at the trial level where there are final judgments rather than mere recommendations. The litigants should not be lulled into presenting their case under relaxed conditions, only to have it retrospectively reviewed as if it had been presented to the trial court in the first instance. The defendant came expecting a dress rehearsal perhaps leading toward a settlement, and now the majority is reviewing her efforts as if her performance had been delivered on opening night and the production cancelled. This is fundamentally unfair.

Because this court holds that the entry of final judgment was error, the appropriate disposition is to remand this case to permit the defendant to appeal the arbitrator's decision to the superior court in order to restore the case to the trial docket, in accordance with Rule 170(k)(1). At that point, the parties may file their various motions before a superior court judge who has not acted as the arbitrator. *See* SUPER. CT. R. 170(k)(2) (on appeal from arbitration, "arbitrator shall not be the trial judge"). It is not for us to say how such a judge would then decide the defendant's motion to amend her answer. I would only emphasize the principle that amendments to pleadings are liberally allowed. *Clinical Lab Prod's Inc. v. Martina*, 121 N.H. 989, 991, 437 A.2d 285, 286 (1981) (RSA 514:9 permits amendments to pleadings to prevent injustice); *Dupuis v. Smith Properties, Inc.*, 114 N.H. 625, 628, 325 A.2d 781, 782 (1974) (liberal approach allowing amendments to pleadings "reflects the desire not to permit procedural error or omission to frustrate the maintenance of a valid action"). The effect of the majority's decision is to permit judgment for over $6000 to be entered against the defendant without allowing her the opportunity to litigate the merits of her case; I cannot agree that the error is harmless.