Rockingham
No. 90-259

STORCH ENGINEERS

v.

D&K LAND DEVELOPERS d/b/a D&K DEVELOPMENT, KITNER ASSOCIATES, ROBERT DOW, AND FRANK KITNER

July 8, 1991

*Brian C. Shaughnessy,* of Manchester, and *Elizabeth Cazden,* of Manchester, on the brief, and *Ms. Cazden* orally, for the plaintiff.

*Casassa & Ryan,* of Hampton (*Peter J. Saari* on the brief and orally), for defendant Robert Dow.

HORTON, J. Defendant Robert Dow brings an interlocutory appeal from a decision by the Superior Court (*Temple,* J.), denying his motion to quash execution and enjoin a sheriff's sale. The question presented in this appeal is whether a judgment creditor of a general partnership can seek to satisfy a default judgment against the partnership by levying execution against the individual property of a partner who was joined in the suit and who appeared generally, but against whom judgment has not yet been rendered. We hold that the creditor may not do so, and we therefore reverse the decision of the trial court.

The underlying suit is an action by the plaintiff seeking payment for services provided to D&K Land Developers, a New Hampshire general partnership. The defendant was a general partner of D&K Land Developers. Each of the partnership's partners was joined in the suit. The trial court entered default judgments against the partnership and all but one of the partners. The only partner not defaulted was the appealing defendant, Robert Dow, who filed a general appearance. The trial court has not entered a judgment against him.

Unable to find assets of either the partnership or the defaulted partners with which it could satisfy its judgment, the plaintiff instructed that execution be levied upon the defendant's individual interest in real property in Hampton Falls. The execution named D&K Land Developers as judgment debtor and commanded the sheriff to levy on the goods, chattels, or lands of the judgment debtor. Robert Dow's real property interest was subsequently sold to the plaintiff at a sheriff's sale. The present appeal is brought from the trial court's denial of the defendant's motion to quash execution and enjoin the sale. The defendant argues that, as no judgment has been entered against him in the underlying action, the plaintiff may not proceed against his individual property. The plaintiff counters that it may collect its judgment against the partnership from the defendant's individual property, as he has been both named and served in the underlying action. It further urges that remand is unnecessary as the material facts, according to its characterization of them, are not in dispute.

 Each partner of a general partnership may be held liable for the entire amount of the partnership debt, and this is so without regard to whether liability is joint, several, or joint and several. *See Bowker v. Smith*, 48 N.H. 111, 115 (1868); *see also* 68 C.J.S. *Partnership* § 179, at 632–33 (1950); 59A AM. JUR. 2d *Partnership* § 639, at 556 (1987). Under the Uniform Partnership Act, as adopted in New Hampshire in RSA chapter 304-A, except in the instance of a partner's wrongful act or a partner's breach of trust, a partner's liability for the debts and obligations of the partnership is joint, not several or joint and several. RSA 304-A:15. Such a liability status requires an adjudication of liability against each partner. *Peebles v. Rand*, 43 N.H. 337, 339 (1861); *Duncan, Inc. v. Head*, 519 So.2d 1305, 1307–08 (Ala. 1988). It invites individual partner defenses that must be considered. *See Peebles v. Rand supra.* Judgment against a judgment debtor is required to support an execution reaching that judgment debtor's property. RSA 527:1 (Supp. 1990), :12. Multiple judgments on the same contract may be included in one execution, but only one execution at a time may be outstanding. RSA 527:9. A judgment against the partnership will not support an execution against the individual property of general partners in respect to whom the trial court has not yet entered judgment. *See, e.g., Duncan, Inc.*, 519 So.2d at 1308; *Balley v. Davis*, 75 Idaho 73, 77, 267 P.2d 631, 633 (1954).

In the case before us, the defendant filed a general appearance. This served as a denial of the plaintiff's allegations concerning the

defendant's individual liability. *See* R. WIEBUSCH, 4 NEW HAMP-SHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 281, at 192 (1984); 68 C.J.S. *Partnership* § 221, at 710. We determine that the trial court erred when it allowed a sheriff's levy to proceed against the defendant's individual property without resolving the issue of his individual liability.

■ Although we hold that execution could not properly be levied against the defendant's individual property before judgment issued against him, we note that the default against D&K Land Developers and the other partners forecloses the defendant from contesting the validity of the debt owed by the partnership and limits him to asserting his personal defenses. The nonexistence of a debt owed by the partnership is a defense belonging to the partnership itself. *See* 68 C.J.S. *Partnership* § 224, at 713. The defendant here had actual notice of the suit and the impending default, and he had implied authority to enter an appearance binding upon the partnership. 68 C.J.S. *Partnership* § 213, at 690–91. In the absence of accident, mistake, or misfortune, the defendant is bound to the default judgment with respect to those defenses which the partnership itself could have raised had the defendant not failed to obtain counsel for it. *See Eaton v. Clarke*, 80 N.H. 577, 578, 120 A. 433, 434–35 (1923); R. WIEBUSCH, *supra* § 1870, at n.52 (Supp. 1989).

■ The plaintiff also urges the validity of the execution by asserting that this action lies under RSA 304-A:40, I(b). That subparagraph provides that partnership assets include the contributions to the partnership by partners of amounts necessary to satisfy partnership liabilities. A partnership is a legal entity for purposes of enforcing judgment against partnership assets, *Swiezynski v. Civiello*, 126 N.H. 142, 146–47, 489 A.2d 634, 638 (1985); 59A AM. JUR. 2d *Partnership* § 7, at 240, and partners are required to contribute to partnership assets to satisfy partnership liabilities. *See* RSA 304-A:40, IV. Thus, according to the plaintiff, there is no requirement that it procure judgment against the defendant in order to proceed against his individual property. This argument fails to persuade us for two reasons. First, the provisions of RSA 304-A:40 apply to "settling accounts between the partners after dissolution," a circumstance not apparent on the record here. Second, the defendant's right to present personal defenses to his individual liability would, in any event, remain intact.

■ Finally, the plaintiff cites our decision in *Attorney General v. Morgan*, 132 N.H. 406, 408, 565 A.2d 1072, 1074 (1989), and argues

that we may uphold the trial court, as the defendant has filed neither a special plea nor a brief statement setting forth an affirmative defense, and he has not otherwise demonstrated that the outcome of the underlying action would be different. Although we agree that the defendant here has been vague in setting out exactly the defenses he expects to present upon remand, we note that he, unlike the defendant in *Morgan,* filed a general appearance, effectively denying all aspects of the plaintiff's complaint. Thus, our holding in *Morgan,* where the defendant's answer admitted the various allegations of the complaint, *id.* at 407, 565 A.2d at 1074, is inapposite to the present case, and the legal error of the trial court is subject to reversal.

> *Reversed and remanded for proceedings not inconsistent with this opinion.*

All concurred.