Grafton
No. 97-357

RICHARD M. ROSENZWEIG

v.

TERRY L. MORTON

July 13, 1999

*Stebbins, Bradley, Wood & Harvey, P.A.*, of Hanover (*John L. Putnam* on the brief and orally), for the plaintiff.

*Sheehan Phinney Bass & Green, P.A.*, of Manchester (*Daniel.P. Schwarz* on the brief, and *Robert R. Lucic* orally), for the defendant.

BROCK, C.J. The defendant, Terry L. Morton, appeals a decision by the Superior Court (*Smith*, J.) holding him personally liable for unpaid wages owed to the plaintiff, Richard M. Rosenzweig. We reverse.

The plaintiff was an employee of New England Digital Corporation. The defendant was chairman of the board of directors of the company. In June 1992, the company went out of business due to financial difficulties. Because of the company's financial difficulties, the plaintiff had not been paid for several weeks. On July 17, 1992, the plaintiff filed a claim with the New Hampshire Department of Labor for unpaid wages, bonus money, vacation pay, and expenses. *See* RSA 275:51 (1987 & Supp. 1998). The company did not object to the claim but had no assets to satisfy it. In September 1992, the department of labor ruled in favor of the plaintiff in the amount of $17,629.20. In July 1995, the plaintiff entered this decision in the superior court to be enforced as a judgment. The plaintiff filed a petition for post-judgment attachment of the defendant's residence which he states was prepared on August 24, 1995. The defendant objected to the petition by its return date, arguing that the plaintiff filed the wage claim solely against the company and, therefore, the petition constituted a new action against him which was barred by the statute of limitations. *See* RSA 508:4, I (1997). The superior court granted the plaintiff's petition to attach.

In March 1997, the defendant moved to dismiss the plaintiff's wage claim against him relying on the statute of limitations. The superior court ruled that the defendant failed to raise his statute of limitations defense in a special plea or brief statement, *see* SUPER. CT. R. 28, and, therefore, he was precluded from using that defense. The defendant moved for reconsideration, arguing that Superior Court Rule 28, requiring special pleas and brief statements to be filed within thirty days of the return day of the writ, was inapplicable because no writ was filed against the defendant. The defendant further argued that his objection to the petition to attach, which expressly raised the statute of limitations defense, satisfied the requirements of Superior Court Rule 28. The motion to reconsider was denied.

After trial, the superior court found the defendant personally liable for the plaintiff's unpaid wages. On appeal, the defendant

argues that the court erred by denying his motion to dismiss based on Superior Court Rule 28.

Superior Court Rule 28 provides:

> All special pleas and brief statements shall be filed within thirty days following the return day of the writ; otherwise, the cause shall be tried upon the general issue. No brief statement or special plea shall be afterwards received except by leave of Court for good cause shown and upon such terms as justice may require.

The defendant argues that Superior Court Rule 28 is inapplicable because no writ or cause of action has ever been brought against him. He further argues that even assuming that the plaintiff's petition to attach is tantamount to a writ, this constituted a new action that was filed after the three-year statute of limitations had run. *See* RSA 508:4, I.

The plaintiff relies on RSA 275:42, V (1987) to establish the defendant's liability for his unpaid wages. RSA 275:42, V provides in part that "the officers of a corporation and any agents having the management of such corporation who knowingly permit the corporation to violate the provisions of RSA 275:43, 44 shall be deemed to be the employers of the employees of the corporation." The plaintiff argues that when the defendant knowingly permitted the nonpayment of wages, he became an employer pursuant to RSA 275:42, V and his liability became indistinguishable from that of the company. According to the plaintiff, his wage claim commenced an action against not only the company but also every officer who knowingly permitted the nonpayment of wages and, therefore, was deemed to be an employer of the plaintiff. *See* RSA 275:42, V.

We decline to accept the plaintiff's argument that the defendant was a party to the action pursuant to RSA 275:43, V. "In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *Brewster Academy v. Town of Wolfeboro*, 142 N.H. 382, 383, 701 A.2d 1240, 1241 (1997) (quotation omitted). Liability under RSA 275:42, V requires that the plaintiff prove the additional element that the officer did "knowingly permit" the corporation to violate RSA 275:43, :44. In other words, the defendant had a personal defense, that he did not knowingly permit a wage payment violation, that the company did not have. We find an officer's liability pursuant to RSA 275:42, V to be analogous to an individual partner's liability for a judgment against a partnership. *See Storch Engineers v. D&K Land Developers*, 134 N.H. 414, 593 A.2d 245 (1991).

■ In *Storch Engineers*, we held that to support a levy against the individual property of a partner for a judgment against the partnership, a judgment against the partner was required. *See id.* at 416-17, 593 A.2d at 247-48. Our reasoning, in part, relied on a partner's right to present personal defenses of his individual liability independent of the defenses enjoyed by the partnership. *See id.* at 417, 593 A.2d at 247-48. We find this reasoning persuasive in this case. RSA 275:43, V requires that the officer must knowingly permit the nonpayment of wages to be individually liable. Thus, the defendant had a personal defense that the company did not enjoy. *Cf. id.* We hold that in order for the plaintiff to assert that the defendant was personally liable for his unpaid wages under RSA 275:42, V, he must have named the defendant as a party to the action. The defendant, however, was not a named party to the plaintiff's wage claim; only the company was listed as the plaintiff's employer. Thus, the plaintiff's wage claim failed to commence an action against the defendant.

■ The plaintiff further argues that if we consider his petition to attach as a writ and, therefore, a new action against the defendant, it was filed within three years of the labor department's decision. The plaintiff, however, is mistaken as to the date the statute of limitations began to run. RSA 508:4, I, allows an action to be "brought . . . within 3 years of *the act or omission* complained of." (Emphasis added.) In this case, the statute of limitations began to run when the plaintiff's wages were overdue in violation of RSA 275:43, :44 (1987 & Supp. 1998). Although the record before us is unclear as to the exact day that the plaintiff's wages were overdue, it is clear that the wages were overdue by the time the plaintiff filed his wage claim on July 17, 1992. The petition to attach was prepared on August 24, 1995. Even if we assume without deciding that the petition to attach constituted a writ, the three year statute of limitations had run by the time the petition was prepared. *See* RSA 508:4, I.

The defendant argues that if we consider the petition to attach as a writ then his objection to the petition, expressly raising the statute of limitations defense, satisfied the purpose of Superior Court Rule 28. We agree. The purpose of Superior Court Rule 28 is to provide the plaintiff with adequate notice of the defense and a fair opportunity to rebut it. *See Exeter Hospital v. Hall*, 137 N.H. 397, 399, 629 A.2d 88, 89 (1993) (discussing District and Municipal Court Rule 3.10(A), which is identical to Superior Court Rule 28). The defendant's objection to the petition to attach adequately notified

the plaintiff of the statute of limitations defense. Furthermore, the plaintiff had an opportunity to rebut the defense in his objection to defendant's motion to dismiss. Accordingly, we hold that the defendant's objection to the petition to attach substantially complied with Superior Court Rule 28, and that the trial court erred in holding that the defendant was precluded from raising the statute of limitations defense. We conclude that the trial court erred by denying the defendant's motion to dismiss.

*Reversed.*

All concurred.