Personnel Appeals Board
No. 99-147

APPEAL OF KEVIN YOUNG

(New Hampshire Personnel Appeals Board)

March 29, 2001

*Michael C. Reynolds*, general counsel, State Employees' Association of New Hampshire, Inc., of Concord, by brief and orally, for the petitioner.

*Philip T. McLaughlin*, attorney general (*Douglas N. Jones*, assistant attorney general, on the brief and orally), for the State.

NADEAU, J. The petitioner, Kevin Young, an Inspector II at the New Hampshire Department of Agriculture, appeals the decision of the personnel appeals board (board) upholding his termination. We reverse.

The material facts are not in dispute. After receiving a tentative offer of employment from the New Hampshire Department of Corrections, the petitioner, in a June 4, 1998 letter, informed the commissioner of agriculture that he was "transferring [his] State service to the Department of Corrections, effective June 19, 1998." The petitioner's letter did not indicate that the offer at the department of corrections was conditional.

On June 16, 1998, the department of agriculture forwarded the petitioner's personnel file to the department of corrections. On June 17, 1998, the petitioner called the commissioner of agriculture to say that his anticipated transfer to the department of corrections was not going to take place, and that he intended to return to work at the department of agriculture. The next day, the petitioner personally delivered a letter to the commissioner memorializing that phone conversation. Nevertheless, the commissioner issued a letter to the petitioner on June 19, 1998, indicating that the petitioner's June 4, 1998 letter was accepted as a resignation, and that the commissioner was unwilling to permit the petitioner to rescind his resignation.

The petitioner considered the commissioner's June 19, 1998 letter an improper dismissal and appealed to the personnel appeals board. *See* RSA 21-I:58, I (2000). The board found that the petitioner had resigned from his position, and that the commissioner was under no obligation to restore the petitioner to his former position. This appeal followed. *See* RSA 21-I:58, II (2000); RSA 541:6 (1997).

"We will overturn an agency decision when there is an error of law, or when the order is unjust or unreasonable . . . ." *Appeal of Boulay*, 142 N.H. 626, 627-28 (1998); *see* RSA 541:13 (1997). "While deference is accorded to an agency's interpretation of its regulations, that deference is not total." *Appeal of Morin*, 140 N.H. 515, 518 (1995).

"Resignation" is undefined by the personnel rules. According to common usage, "resign" means "to give up deliberately," and "resignation" means "formal notification of relinquishment."

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1932 (unabridged ed. 1961). These definitions indicate a "resignation" is necessarily voluntary. Our case law supports this notion. *See Appeal of Swift*, 134 N.H. 177, 180 (1991) (referring to "resignation" as when an "employee . . . voluntarily leaves employment"); *see also Appeal of Dep't of Safety*, 123 N.H. 284, 286 (1983).

■ The petitioner did not resign from the department of agriculture. His letter to the commissioner indicated an intent to transfer from one State department to another. "Transfer" is defined in the personnel rules as "the change of an employee from one position to another position in the same or a different class *without a break in service*." N.H. ADMIN. RULES, Per 102.64 (1998) (emphasis added).

Neither the commissioner nor the board could reasonably construe the petitioner's letter as a voluntary end to his employment. That the petitioner did not intend to leave employment is demonstrated by his telephone call to the commissioner withdrawing his letter of transfer and his letter relaying the same information before the effective date mentioned in his initial letter. In fact, despite the commissioner's statements to employees within the department of agriculture that the petitioner was "gone," he was aware that paperwork was being processed regarding the petitioner's transfer.

Having concluded that the petitioner did not resign, we need not address the State's arguments that assume there was a valid resignation. Rather, we conclude that the petitioner was involuntarily "separated." New Hampshire Administrative Rule, Per 102.54 defines "separation" as "the complete termination of an employee from state classified service for any reason." The rules provide the necessary steps to be followed when a classified employee is involuntarily dismissed. New Hampshire Administrative Rule, Per 1001.08 (c) provides that

> [n]o appointing authority shall dismiss a classified employee under this rule until that appointing authority . . . (1) [o]ffers to meet with the employee to discuss whatever evidence the appointing authority believes supports the decision to dismiss the employee . . . (2) [o]ffers to provide the employee an opportunity to refute the evidence . . . [; and] (3) [d]ocuments in writing the nature and extent of the offense.

The record reflects that the commissioner took none of these required steps. Further, nothing in the record indicates that the

petitioner's dismissal could be justified by any of the circumstances excusing these required steps as set forth in New Hampshire Administrative Rule, Per 1001.08 (a) or (b). Therefore, the only reasonable conclusion is that the petitioner was improperly terminated from State employment.

*Reversed.*

BROCK, C.J., and BRODERICK and DALIANIS, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.