**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0559, <u>Thomas Lavoie v. Maggie Scanlon</u>, the court on May 3, 2019, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The plaintiff, Thomas Lavoie, appeals an order of the Circuit Court (<u>Leonard</u>, J.) denying his request for a writ of replevin. <u>See</u> RSA ch. 536-A (2007). We affirm.

The plaintiff sought recovery of a dog named "Martin." The trial court determined that the dog belongs to the defendant, Maggie Scanlon, because, although the parties acquired him jointly, the defendant "assumed significantly more of the financial care associated with ownership." The court found that although the plaintiff purchased the dog "by cash and credit card," the defendant, in effect, repaid him for the purchase by paying all of the dog's veterinary bills from March 2016 through July 2017. The court further found that the veterinary bills that the defendant paid during that time frame totaled more than half of the dog's purchase price. In addition, the trial court found that the defendant "assumed the majority of additional costs related to [the dog's care] including the cost of doggie daycare, food, supplies and toys." The court, therefore, awarded the dog to the defendant. The plaintiff did not seek an alternative award of damages.

We review the trial court's decision under our unsustainable exercise of discretion standard. <u>See</u> <u>Foley v. Wheelock</u>, 157 N.H. 329, 332 (2008) (stating that we review a trial court's equitable order for an unsustainable exercise of discretion); <u>National Shawmut Bank v. Cutter</u>, 105 N.H. 206, 208 (1963) (explaining that replevin is a form of action that "has become impregnated with equitable principles"). We will uphold the trial court's findings and rulings unless they are not supported by the evidence or are legally erroneous. <u>Cook v. Sullivan</u>, 149 N.H. 749, 780 (2003). Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. <u>Id</u>. Thus, we defer to the trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given to the evidence. <u>Id</u>.

On appeal, the plaintiff does not dispute that the defendant assumed more of the financial care associated with owning a dog than he did. Rather, he asserts that nonetheless, he is the dog's owner because: (1) he paid the

purchase price for the dog; (2) he is listed as the dog's owner for the purposes of the dog's microchip; and (3) he is listed as the dog's owner for the purposes of the AKC Canine Partners' Program.  As the appealing party, the plaintiff has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

Lynn, C.J., and Hicks, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**
