# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

### In Case No. 2021-0489, Linda L. Knowles v. Kelli Cassidy, the court on June 20, 2022, issued the following order:

Having considered the brief of the plaintiff, Linda L. Knowles, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See Sup. Ct. R. 18(1).  The plaintiff appeals an order of the Superior Court (St. Hilaire, J.) denying her request for a writ of replevin brought against the defendant, Kelli Cassidy, a volunteer at a New Hampshire cat rescue agency, to recover a cat that the plaintiff called "Patches."  See RSA ch. 536-A (2021).  We affirm.

The trial court found or could have found the following facts.  See In the Matter of Costa & Costa, 156 N.H. 323, 331 (2007) (explaining that we assume that the trial court made all findings necessary to support its decision).  Patches was abandoned in the plaintiff's neighborhood by a prior owner approximately two years ago.  Since then, she has been fed outside by the plaintiff and her neighbors.  Although the plaintiff fed Patches, she never took her to the veterinarian or let her inside her home.  During the winter, the plaintiff did not provide a warm shelter for Patches, and Patches would disappear for weeks at a time without the plaintiff knowing her whereabouts.

On August 16, 2021, the cat rescue agency for which the defendant volunteers set a humane trap to locate a lost cat in the plaintiff's neighborhood. The following day, the rescue agency discovered two cats in the trap — the lost cat and Patches.  Although Patches had a microchip, the microchip was unregistered.  Because Patches's microchip was not registered, and there was no other means of identifying an owner on her, the cat rescue agency was unable to locate an owner.  The cat rescue agency posted information about Patches on its Facebook page.  Neighbors responded to the post that Patches was a neighborhood cat whom the whole neighborhood fed.

A veterinarian examined the cat on August 17.  He found her to be friendly and manageable for the entire examination.  He determined that she had an active flea infestation, but was otherwise healthy "for an outdoor, homeless cat."  The veterinarian gave Patches the requisite vaccinations and, on August 24, cleared her for adoption.

In the early evening of August 25, the plaintiff called the cat rescue agency, asking that Patches be returned to her.  The cat rescue agency asked the plaintiff to provide a current rabies certificate, vet records, and Patches's microchip number, but the plaintiff was unable to do so.  On August 28, the plaintiff and the defendant met at the cat rescue agency.  The plaintiff admitted

that Patches was not her cat, but said that she had fed Patches and wanted her back.  After the rescue agency declined to return Patches to the plaintiff, she brought the instant petition for a writ of replevin.

Following an evidentiary hearing, the trial court denied the plaintiff's writ, finding that she had failed to prove that she was Patches's owner.  The plaintiff unsuccessfully moved for reconsideration, and this appeal followed.

We review the trial court's decision under our unsustainable exercise of discretion standard.  See Foley v. Wheelock, 157 N.H. 329, 332 (2008) (stating that we review a trial court's equitable order for an unsustainable exercise of discretion); National Shawmut Bank v. Cutter, 105 N.H. 206, 208 (1963) (explaining that replevin is a form of action that "has become impregnated with equitable principles").  We will uphold the trial court's findings and rulings unless they are not supported by the evidence or are legally erroneous.  Cook v. Sullivan, 149 N.H. 749, 780 (2003).  Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence.  Id.  Thus, we defer to the trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given to the evidence.  Id.

Resolving the issues in this appeal requires us to engage in statutory interpretation.  We review the trial court's statutory interpretation de novo.  Anderson v. Robitaille, 172 N.H. 20, 22 (2019).  We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning.  Id.  We also review the trial court's application of law to facts de novo.  Loon Valley Homeowner's Ass'n v. Pollock, 171 N.H. 75, 78 (2018).

On appeal, the plaintiff argues that the trial court erred when it found that she is not the owner of Patches.  For the purposes of RSA chapter 437, an "'[o]wner' means the person having the right of possession of an animal, whether such right was acquired by gift, purchase, or other means."  RSA 437:18, II (2020).  The plain meaning of the word "possession" as used in RSA 437:18, II is "[t]he action or fact of holding something . . . as one's own or in one's control; the state or condition of being so held."  The Oxford English Dictionary, https://www.oed.com/view/Entry/148352?rskey=9EPg2n&result=1&isAdvanced=false#eid (last visited May 25, 2022).

The plaintiff contends that she acquired the right to possess Patches because when she "found Patches [a]bandoned on her property two years ago[,] [she] considered Patches a gift from the relinquishing owner."  She argues that "[p]ossession of an animal over a period of time is presumptive evidence of

2

ownership thereof, and long possession of [an] animal[] is[] strong evidence of ownership." The plaintiff asserts that her "sworn testimony and Exhibits showed proof of [her] possession and ownership" of Patches "over [an] extended period of time." That proof included photographs of Patches in the plaintiff's yard, the plaintiff's September 1, 2021 statement to the police, and a note from the plaintiff's neighbor stating that the plaintiff has provided "food, love and care as well as vet visits as needed." The plaintiff contends that she gave Patches "food, water, shelter and medical care on an as needed basis," but that Patches needed no medical care because she is "a healthy[,] chunky cat," that was spayed and microchipped by her prior owner.

The trial court was not compelled to find as the plaintiff argues it should have found based upon the record before it. Although the plaintiff contends that she was in "possession" of Patches, the record does not support that contention. There was no evidence before the trial court that the plaintiff ever held Patches in her control. Rather, the evidence was that Patches roamed the neighborhood freely and that, although the plaintiff fed her and clearly loved her, Patches was fed by other neighbors as well. Based upon our review of the record on appeal, we conclude that the trial court did not err by finding that the plaintiff was not the owner of Patches within the meaning of RSA 437:18, II. We decline to address the plaintiff's remaining appellate arguments either because they are insufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or they lack merit and do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3